**454**

108 So.2d 146

STATE of Alabama ex rel. Ray D. BRIDGES,
Sheriff of Mobile County,

v.

William Phillip WATERS.

1 Div. 795.

Supreme Court of Alabama.

Jan. 8, 1959.

Cecil B. King and Thomas M. Marr, Mobile, for appellee.

John Patterson, Atty. Gen., and Jas. W. Webb, Asst. Atty. Gen., for appellant.

MERRILL, Justice

Appellee is a parolee from the State of Texas under the provisions of the Interstate Compact for the Supervision of Parolees and Probationers, Tit. 42, §§ 27 and 28, Code 1940. On June 9, 1958, the State of Texas revoked the appellee's parole and the appellee was accordingly arrested by the

police and turned over to Sheriff Ray D. Bridges for delivery to the proper Texas authority for return to the State of Texas. The appellee then brought a petition for writ of habeas corpus before the Circuit Court of Mobile County, the same coming to be heard on September 12, 1958.

■ At the hearing the petitioner, appellee, was allowed, over the timely objection of the State, to introduce evidence of the reasons of the State of Texas for revoking the parole. At the close of the hearing, the trial court ruled that the revocation was void and based on illegal evidence, and that the petitioner's writ of habeas corpus should issue and the petitioner be released. The State gave notice of appeal under Tit. 15, § 369, as amended, Code 1940.

The State introduced evidence of a proclamation by the Governor of the State of Texas revoking the parole of the petitioner, evidence of an Interstate Compact for the Supervision of Parolees and Probationers duly executed by the State of Alabama and the State of Texas, and offered evidence that the Texas officer to receive the petitioner was the duly authorized officer. The State further adduced evidence that the petitioner was the person named in the revocation order; that the petitioner had absconded at the time of the revocation; that he was thereafter picked up by the city police of Mobile, and that he was then transferred to the custody of the county jail to await the arrival of the authorized officer from the State of Texas.

The petitioner introduced evidence admitting that he had broken the provisions of his parole but denied that the infractions had been severe or serious.

We are constrained to hold that the trial court erred in inquiring into the causes of the revocation of the parole. In State ex rel. McQueen v. Horton, 31 Ala.App. 71, 14 So.2d 557, 560, affirmed 244 Ala. 594, 14 So.2d 561, a writ of prohibition was issued to the circuit court because the judge "if

unrestrained, is about to 'examine into' the reasons for the * * * parole" of the petitioner in the habeas corpus proceedings. The court said:

"Here, as we have indicated hereinabove, respondent had the right and jurisdiction to entertain the petition for the writ of habeas corpus by Troy Teal, as originally filed with him. But, it appearing without dispute, and as a matter of law, that said Troy Teal was yet a legal prisoner in the penitentiary, although 'outside the prison walls' on parole, it would be an excess of the jurisdiction reposed in respondent for him to 'inquire into' the causes that impelled the State Board of Pardons and Paroles to *revoke* the parole theretofore granted to the said Troy Teal.

"It is not difficult to see why this is true. Not only has the State Board of Pardons and Paroles, by law, full and complete authority to grant the privilege of a parole to a convict; but it has, in the same way, authority to supervise, unhindered and unquestioned, the 'parolee'—and to alter at its will the conditions for the retaking of parole violators, so long as their punishment is not increased. Pinkerton v. State, supra.', [29 Ala.App. 472, 198 So. 157; certiorari denied, 240 Ala. 123, 198 So. 162."]

The Horton case referred to a parolee in Alabama under the supervision of the Alabama State Board of Pardons and Paroles.

Our statute, Tit. 42, § 27, Code 1940, provides that "The decision of the sending state to retake a person on probation or parole shall be conclusive upon and not reviewable within the receiving state;" with an exception not here applicable. Tit. 42, § 27, has been held constitutional by this court in Woods v. State, 264 Ala. 315, 87 So.2d 633, 639.

■ Appellee also argues that all of the four requirements in the Woods case are not met. The opinion in that case states:

"The questions on habeas corpus when the statute in question is relied on are: (1) a compact between the governors as authorized by the statute; (2) whether the officer apprehending the person involved is a duly accredited officer of the sending state (New York here); (3) whether the person apprehended is in fact a probationer or parolee of that state; and (4) whether the sending state has revoked the probation or parole of the person apprehended and decided to retake him."

Appellee contends that the officer apprehending the person involved is not a duly accredited officer of the sending state, here Texas. Admittedly, appellee was arrested by City of Mobile police and turned over to the Sheriff of Mobile County to be delivered to the duly accredited officer of Texas. We do not construe the Woods case to hold that the person involved must be apprehended by an officer of the sending state. The statement means that such apprehension by a duly accredited out of state officer is permissible. The opinion quotes that part of Tit. 42, § 27, which provides that "duly accredited officers of a sending state may at all times enter a receiving state and there apprehend and retake any person on probation or parole." The statement numbered (2) in the Woods case applies when the apprehension is by the duly accredited officer of the sending state and does not mean that he *must* be the apprehending officer.

The judgment of the circuit court is reversed and the cause is remanded in order that the circuit court may order the appellee to be placed in the custody of the Sheriff of Mobile County and the petition for writ of habeas corpus may be denied.

Reversed and remanded.

LAWSON, STAKELY and GOODWYN, JJ., concur.