(104 So. 258)

**CITY OF BIRMINGHAM et al. v. LOUISVILLE & N. R. CO.** (6 Div. 402.)

(Supreme Court of Alabama. April 30, 1925.)

1. **Railroads** ⊜⇒99(11)—**Statute relating to appeal from order to eliminate grade crossing liberally construed.**

Code 1923, § 2075, relating to appeals by railroad companies when ordered to eliminate grade crossings, while very general in terms, is to be liberally construed and will not be held meaningless or beyond power of Legislature to enact, if a field of operation is apparent within reasonable intent of its provisions.

2. **Appeal and error** ⊜⇒1—**"Appeal" defined.**

An "appeal" is removal of cause from one judicial tribunal to higher tribunal for retrial de novo, or for review of proceeding of lower court on assignment of error.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Appeal.]

3. **Railroads** ⊜⇒99(1)—**Ordinance for elimination of railroad grade crossing exercise of police power.**

A city ordinance, enacted pursuant to Code 1923, § 2070, relating to elimination of grade crossing by railroad company in certain cities, is a legislative act in exercise of police power to conserve safety and convenience of its inhabitants in matter of public streets.

4. **Constitutional law** ⊜⇒70(3)—**Matters of legislative power and discretion cannot be conferred on judicial tribunal.**

The right to determine wisdom, propriety, and policy of legislative acts is legislative not judicial function, and matters within legislative power and discretion cannot be conferred on a judicial tribunal.

5. **Constitutional law** ⊜⇒70(3)—**Statute held not to confer on court of equity power to veto, on ground of legislative policy, ordinance requiring elimination of railroad grade crossing.**

Code 1923, § 2075, permitting railroad company, when ordered to eliminate grade crossing, to appeal to court having chancery jurisdiction, does not confer on court of equity power to veto or approve, on ground of legislative policy, an ordinance enacted pursuant to section 2070.

6. **Appeal and error** ⊜⇒17—**Court of equity not one of appellate jurisdiction.**

Though courts exercising equity jurisdiction may have conferred on them original or appellate jurisdiction, at law they are not courts of appellate jurisdiction, as equity jurisdiction inheres in relief it provides, and, until such jurisdiction is invoked in court clothed with equity power, no occasion can arise for appellate jurisdiction to review decrees.

7. **Railroads** ⊜⇒99(11)—**Procedure required on "appeal" from ordinance to eliminate grade crossing.**

Code 1923, § 2075, providing that railroad company, when required by ordinance to eliminate grade crossing, may "appeal" to any court having chancery jurisdiction, intends that such proceedings should bear some analogy to appeals, and court's jurisdiction is properly invoked by petition bringing ordinance to its attention and setting up grounds on which it is sought to be declared invalid, and petition is to be treated as in lieu of bill of injunction, subject to same rules as to amendments, demurrer, and answer.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Petition for appeal in equity by the Louisville & Nashville Railroad Company against the City of Birmingham and the City Commissioners thereof. From a decree or order overruling motion to vacate the petition, respondents appeal and apply for rule nisi. Appeal dismissed; rule nisi denied.

———

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

W. J. Wynn and W. Marvin Woodall, both of Birmingham, for appellants.

A municipal ordinance is a legislative act, and may not be reviewed by a court by way of formal appeal. Const. 1901, § 89; Taylor v. Carondelet, 22 Mo. 105; Elliott on Mun. Corp. (2d Ed.) 144; 28 Cyc. 349; 2 Mod. Law of Mun. Corp. 1703; City of Mobile v. Yuille, 3 Ala. 137, 36 Am. Dec. 441; N. O. M. & C. v. Dunn, 51 Ala. 128; Sou. Exp. Co. v. City of Tuscaloosa, 132 Ala. 326, 31 So. 460; 2 McQuillin, Mun. Corp. 1709; Montgomery v. Orpheum Co., 203 Ala. 103, 82 So. 117; Giglio v. Barrett, 207 Ala. 278, 92 So. 668; Barrett v. Rietta, 207 Ala. 651, 93 So. 636; Spear v. Ward, 199 Ala. 105, 74 So. 27; Cooley's Const. Lim. 196; Bouchelle v. State Highway Comm. 211 Ala. 474, 100 So. 884. The equity court has no constitutional or inherent appellate jurisdiction. Const. 1901, §§ 143, 145, 148; Dunbar v. Frazer, 78 Ala. 529; Ex parte Louisville & N. R. Co., 176 Ala. 631, 58 So. 315. The appellate jurisdiction of the equity court is based on the statute, and the statute has not provided the essentials of issue and procedure. Code 1923, § 2075; 15 C. J. 1025; 2 Dec. Dig. Appeal and Error, § 892; Ex parte Louisville & N. R. Co., supra; Woodward Ir. Co. v. Bradford. 206 Ala. 447, 90 So. 803; Ex parte Jonas, 186 Ala. 567, 64 So. 860. The statute means that the court may review the ordinance involved to test its validity at the instance of the railroad, the issues, procedure and decree being either that of which the court has control in its original jurisdiction— by original bill for injunction—or as that appropriate to proceedings by common-law certiorari. 2 A. & E. Ency. Law (2d Ed.) 425; Rockford v. Compton, 115 Ill. App. 406; 28 Cyc. 1017; Mayor etc., v. A. G. S., 98 Ala. 134, 13 So. 141; 2 Abbott on Mun. Corp., 1380; Stanfill v. Court, etc., 80 Ala. 287.

Jones & Thomas, of Montgomery, and Stokely, Scrivner, Dominick & Smith and McClellan, Rice & Stone, all of Birmingham, for appellee.

Without the statute, appellee would have had a right to test the validity of the ordinance by a bill in equity. L. & N. v. Bessemer, 108 Ala. 240, 18 So. 880; Greensboro v. Ehrenreich, 80 Ala. 579, 2 So. 725, 60 Am. Rep. 130; City Council v. Kelly, 142 Ala. 552, 38 So. 67, 70 L. R. A. 209, 110 Am. St. Rep. 43; 1 McQuillin, § 185. Review of an ordinance is not the same as, review of a legislative act; municipalities are created by and subject to regulation of the Legislature. 28 Cyc. 275; U. S. v. B. & O., 84 U. S. 322, 21 L. Ed. 597; 1 McQuillin, 378; Opinions of the Justices, 209 Ala. 593, 96 So. 487; Fox v. McDonald, 101 Ala. 51, 13 So. 416, 21 L. R. A. 529, 46 Am. St. Rep. 98. The statute grants an absolute appeal. Code 1923, § 2075; 3 C. J. 319; 28 Cyc. 275.

BOULDIN, J. This proceeding is to review or vacate proceedings in the circuit court, in equity, purporting to be an appeal to that court under section 2075 of the Code of 1923.

Article 27 of the Municipal Code (Code, §§ 2070 to 2075) deals with the elimination of the use of grade crossings by railroad companies in cities of more than 35,000 population.

Section 2070 confers upon the governing body of the municipality full power and authority to require railroad companies to construct and maintain, at their own cost, viaducts, bridges, or tunnels at public street crossings.

Section 2071 provides for vacation of certain portions of streets upon the completion of the improvements.

Section 2072 provides for apportionment of the cost between railroads having a joint interest.

Section 2073 provides for the imposition of penalties against the railroads, their officers and agents, for failure to comply with a proper construction ordinance.

Section 2074 provides that the governing body may, by bill in the circuit court, compel compliance with such ordinance.

Section 2075 reads:

"*Appeal by Railroad from Order or Ordinance Requiring Bridges, Tunnels, Viaducts, etc.*—The railroad companies so ordered by such governing body to construct and maintain viaducts, bridges, and tunnels, shall have the right to appeal to any court having chancery jurisdiction in the county in which the city is situated, from the order of such governing body and from any order made penalizing such railroad companies for their failure to construct and maintain such viaducts, bridges, and tunnels, on such appeal the railroad company shall give such bond.as may be prescribed by said circuit court."

Pursuant to section 2070, the city commission of Birmingham enacted an ordinance to eliminate the grade crossing at Eighteenth street in that city. The ordinance outlines plans for elevating the railroad tracks, and prescribes penalties for noncompliance.

The Louisville & Nashville Railroad Company filed in the circuit court, in equity, its petition, making the ordinance an exhibit, and setting forth in detail the grounds upon which the validity of the ordinance is assailed, and prayed that the petition be considered as an appeal under section 2075 of the Code, that the court prescribe the bond required to perfect the appeal, that the ordinance be superseded pending the appeal, that the respondents be enjoined from enforcing the penalties of the ordinance pending the appeal, and that upon a hearing the ordinance be held unreasonable and invalid, and respondents be perpetually enjoined from enforcing the same. There is also a prayer for general relief.

Upon presenting the petition to Hon. Wil-

liam M. Walker, judge of the circuit court, sitting in equity, he entered an order fixing the penalty of the bond, conditioned to prosecute the appeal to effect, or, failing therein, to satisfy such judgment or decree as shall finally be rendered in the premises; ordered that upon approval of the bond the ordinance be suspended pending the appeal; ordered notice issued to the respondents; and directed them, within 30 days thereafter, to send up a certified copy of the ordinance and the records of proceedings relating thereto.

The respondents, the city of Birmingham and the members of the city commission, filed a motion to vacate the order and dismiss the alleged appeal. The grounds of the motion were that the court was without jurisdiction to enter the order, had no jurisdiction of the subject-matter, had no power to suspend the ordinance pending an appeal, that no appeal was allowed by law in the manner taken, that no procedure is provided by law for an appeal, and that the court of equity has no appellate jurisdiction.

The appeal is taken from an order overruling this motion. A mandamus proceeding is also presented, in case no appeal shall lie.

The jurisdiction of this court is thus invoked by appellants to settle the following questions:

Is section 2075 merely a statutory recognition of the right to resort or apply to a court of equity by original bill of injunction to test the validity of the ordinance, or does it confer an additional remedy analogous to appeals in judicial proceedings? If the latter, what is the method of taking the appeal, what is the status of the ordinance pending the appeal, and what issues are to be determined on the appeal?

[1] Section 2075, purely remedial in nature, while very general in terms, is to be liberally construed. It will not be held meaningless, inoperative for uncertainty, or beyond the power of the Legislature to enact, if a field of operation is apparent within the reasonable intent of its provisions.

[2] As usually known in our jurisprudence, an "appeal" is the removal of a cause from one judicial tribunal to a higher court or tribunal for retrial de novo, or for review of the proceedings of the lower court upon assignments of error. The subject-matter of the appeal is a judicial inquiry.

[3, 4] A city ordinance, under section 2070, is a legislative act; is in exercise of the police power to conserve the safety and convenience of its inhabitants in the matter of public streets. The legislative function, the right to determine the wisdom, propriety, and policy of legislative acts within the powers of the legislative body, is a thing apart from the judicial function. Matters within legislative power and discretion cannot be conferred upon a judicial tribunal.

[5] Hence, section 2075 confers no power upon a court of equity to veto or approve the ordinance here involved upon grounds of legislative policy. The Legislature could confer no such power, if it would.

[6] Again, a court of equity, in our jurisprudence, is not one of appellate jurisdiction. Courts exercising equity jurisdiction may have conferred upon them jurisdiction at law, original or appellate. But equity jurisdiction, in the nature of it, inheres in the relief it provides. Until such jurisdiction is invoked in a court clothed with equity powers, no occasion can arise for appellate jurisdiction to review decrees.

These considerations are presumed to have been in the mind of the Legislature in enacting section 2075.

[7] We look, then, for a meaning of the word "appeal," to the subject-matter to which it relates, in the light of the existing powers of a court of equity to pass upon the validity of such ordinances by bill of injunction.

We do not think it was intended to merely declare the existing right to proceed by original bill of injunction. If so, it would have been easy to so declare in the statute. It was intended the proceeding should bear some analogy to appeals. Among the common incidents of appeals are these: A fixed right to thus test the legality of the matter assailed; the right, upon execution of a proper bond, to supersede or suspend the execution of the order or decree pending the appeal; and the right, upon a hearing, to vacate or restrain the execution of the order, if found invalid. These are the incidents we think the Legislature had in mind in styling the proceeding to test the validity of a legislative ordinance as "an appeal." It provides a cumulative remedy as of right and not of discretion.

The jurisdiction is properly invoked by petition bringing the ordinance to the attention of the court, and setting up the grounds upon which the court is asked to declare it invalid in whole or in part.

The court is thus advised of matters upon which the penalty and condition of the bond may be properly prescribed.

That no mode of procedure is provided upon appeal, no statement of the issues to be litigated is made, and the relief to be granted is left undefined, is indicative that all these matters are to conform to the established jurisdiction of courts of equity by bill of injunction in such cases. We have outlined the procedure to perfect the appeal and the order made thereon in the case at bar as an approved precedent in such cases. In the further progress of the cause the petition is to be treated as in lieu of a bill of injunction, subject to the same rules as to amendment, demurrer, and answer.

No discussion of the plenary powers conferred by section 2070 of the Code, the general jurisdiction of equity in dealing with such ordinances, or the complex interests

involved in the controversy, as presented in briefs, would be here pertinent.

The appeal is dismissed and the application for rule nisi denied.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.