14 So.2d 557

### STATE ex rel. McQUEEN, Atty. Gen., v. HORTON, Probate Judge.
### 8 Div. 327.

Court of Appeals of Alabama.
Feb. 2, 1943.

Rehearing Denied March 2, 1943.

Wm. N. McQueen, Atty. Gen., and Bowen W. Simmons, Asst. Atty. Gen., for petitioner.

Wm. C. Rayburn, of Guntersville, for respondent.

RICE, Judge.

Troy Teal was in the custody of the Sheriff of Marshall County under and by virtue of a fugitive warrant issued by the director of the State Department of Corrections and Institutions of the State of Alabama.

He petitioned the respondent herein for the writ of habeas corpus, seeking his release from such custody.

The facts involved, all without dispute, are as follows, to-wit: Troy Teal was on February 23rd, 1932, convicted in the Circuit Court of Marshall County of the offense of grand larceny, and duly sentenced to serve imprisonment in the penitentiary for a term of from three to four years.

From the above judgment of conviction he, with sentence suspended, took an appeal to the Court of Appeals of Alabama.

While said appeal was pending and undetermined, and on April 7th 1932, Troy Teal was again convicted in the Circuit Court of Marshall County of the offense of grand larceny, and sentenced to serve imprisonment in the penitentiary for the term of nine years six months, minimum, to ten years, maximum. He began, immediately on April 7th 1932, service in the penitentiary on this latter sentence.

Thereafter, and on July 25th 1932, Troy Teal authorized, and there was entered, an order of dismissal of his appeal taken from the judgment entered on February 23rd, 1932; and the sentence thereunder imposed thereupon, and on said July 25th, 1932, became effective and operative.

The act creating our State Board of Pardons and Paroles went into effect on August 25th 1939. Gen. Acts 1939, p. 426, Code 1940, Tit. 42, §§ 1–18.

Prior to that date,—i.e. August 25th 1939—Troy Teal, subsequent to his incarceration in the penitentiary on April 7th 1932, had been granted numerous temporary paroles, aggregating 1,545 days.

Subsequent to August 25th, 1939 Troy Teal had been outside the walls of the penitentiary, on parole, from October 29th, 1941 until October 27th, 1942, or a total of 363 days. On October 29th, 1942 he was taken in custody by the Sheriff of Marshall County under the authority of the fugitive warrant mentioned in the first paragraph of this opinion.

Upon the filing of his petition for the writ of habeas corpus hereinabove mentioned, and the return thereto by the Sheriff of Marshall County, these things were made plainly to appear:

1. That petitioner contended that his term of imprisonment, or, more properly, terms of imprisonment, in the penitentiary, had expired by operation of law; and

2. That, in any event, the State Board of Pardons and Paroles had improperly, or on insufficient grounds, revoked his parole granted on October 29th, 1941.

We say, "upon * * * the return thereto by the sheriff" these things were "made plainly to appear." That statement may not be in minute detail accurate. But what we would make clear is, that, upon this petition for writ of prohibition,—taking note of the agreements of counsel, the briefs of same, and the argument at the bar—it is contended as we have noted.

And this explanation is made because one of the authorities upon which we expect to rely in making our decision, viz: Browne, Gdn., etc., v. Superior Court in and for City and County of San Francisco et. al. 16 Cal.2d 593, 107 P.2d 1, 131 A.L.R 276, holds to the effect that a writ of prohibition may be granted to restrain the issuance of habeas corpus by a lower court

where facts are brought out which, if they had been called to the attention of the lower court, would have constituted good ground for the dismissal of the proceeding.

We doubt the necessity of the "explanation," though, because the pleadings, and the rulings thereon, in the habeas corpus proceedings before respondent, leave small room for doubt that he expected and intended, if unrestrained, to adjudicate the two matters we have numbered "1" and "2" hereinabove.

██ We entertain no doubt, and hold, that if, as a matter of fact, Troy Teal's term (s) of imprisonment had expired by operation of law, he was entitled to his release. And the petition for the writ of habeas corpus seeking to ascertain whether or not this was true was not improperly filed with respondent herein. Code 1940, Tit. 15, § 6.

██ But once having ascertained that said term (s) of imprisonment had not so expired, the authority and jurisdiction of respondent, for reasons we will undertake to make clear later in this opinion, came to an end; and he should have, thereupon, denied the petition—rather, dismissed the same.

██ It is definitely the policy, and provision, of our law that two (or more) terms of imprisonment in the penitentiary imposed upon a convict for separate convictions shall be served consecutively, not concurrently. Code 1940, Tit. 45, § 32. This could only mean that at the expiration of the first, operative, term of such imprisonment the next operative term shall begin.

██ Hence we consider it immaterial that Troy Teal, by the simple expedient of filing an appeal from the conviction suffered on February 23rd, 1932, postponed the beginning of service on the term of imprisonment imposed on that conviction, until after he had begun service of the term imposed for his conviction on April 7th, 1932. In any event—his appeal being dismissed, later—he was due to serve both terms, not concurrently, but consecutively—surely successively.

It therefore appears that by simple operation of law his period of confinement in the penitentiary, which began on April 7th, 1932 could not have expired until approximately October 7th, 1944.

But, he says, he was out on temporary paroles for a period of 1,545 days between April 7th, 1932 and August 25th, 1939—the date of the going into effect of the act creating our State Board of Pardons and Paroles—and that these days should be subtracted from his period of lawful confinement in the penitentiary. And he seems to rely upon our decision and opinion in the case of Pinkerton v. State, 29 Ala. App. 472, 198 So. 157, certiorari denied 240 Ala. 123, 198 So. 162, as authority for this contention.

But we held no such thing in the Pinkerton case, supra.

██ Under the law as it obtained prior to the creation of our State Board of Pardons and Paroles a convict released on parole might, upon violating the condition of his parole, be rearrested by direction of the Governor, and required to serve out the unexpired part of the sentence of the court, as though no parole had been granted. Fuller v. State, 122 Ala. 32, 26 So. 146, 45 L.R.A. 502, 82 Am.St.Rep. 17.

In other words, he obtained no credit whatsoever on his imposed term (s) of imprisonment for the time he was out on parole (s) prior to the date of the creation of our State Board of Pardons and Paroles, supra.

██ Not so, since that date, however. As so well pointed out by Judge Simpson for this court in the opinion in the case of Pinkerton v. State, supra, it is now, and since the date of the creation of our State Board of Pardons and Paroles, the law that a convict "released on parole" is to all intents and purposes yet and still suffering punishment and imprisonment. Or at least that that is the legal effect of his being a "prisoner on parole."

██ So that, for the 363 days which Troy Teal claims—and the record shows—he was "out on parole" since the date of the creation of our State Board of Pardons and Paroles, i. e. August 25th, 1939, he is entitled to credit on his total period of confinement.

Giving him this credit, it yet appears that his term (s) of imprisonment could not expire before late in the year of 1943—many months subsequent to the date upon which he petitioned respondent herein for the writ of habeas corpus.

So, the situation became one where a convict, yet engaged in serving out his term of imprisonment, albeit "outside of prison walls," had his privilege of remaining without said walls taken from him by the State Board of Pardons and Paroles;

and was taken into custody by the Sheriff of Marshall County under a fugitive warrant issued at the behest of said State Board of Pardons and Paroles, by the Director of the State Department of Corrections and Institutions—in all respects according to the forms and procedure provided by law. Code 1940, Tit. 42, § 10. And see, generally, Code 1940, Tit. 42, §§ 1 to 18.

A perusal of our opinion in the case of Pinkerton v. State, supra, will make clear our view that the parole of Troy Teal, the revocation of which began this litigation, was never a right of his, but was a mere privilege—which the State Board of Pardons and Paroles had the unquestioned right to take from him at its uncontrolled discretion—for reasons satisfactory to it, or for no reasons at all. We adhere to that view.

It plainly appearing that respondent herein, if unrestrained, is about to "examine into" the reasons for the revocation of the parole of Troy Teal, the only remaining question before us is: Shall we issue a writ of prohibition, commanding him to refrain and desist from exercising jurisdiction in the premises?

It has been said that "a writ of prohibition is a preventive, rather than a corrective remedy. Its purpose is to prevent the usurpation or *excess of jurisdiction* by judicial tribunals, and to keep each court within the limits to which the law confines it." Ex parte Roundtree, 51 Ala. 42, 51. (Italics ours).

Here, as we have indicated hereinabove, respondent had the right and jurisdiction to entertain the petition for the writ of habeas corpus by Troy Teal, as originally filed with him. But, it appearing without dispute, and as a matter of law, that said Troy Teal was yet a legal prisoner in the penitentiary, although "outside the prison walls" on parole, it would be an excess of the jurisdiction reposed in respondent for him to "inquire into" the causes that impelled the State Board of Pardons and Paroles to *revoke* the parole theretofore granted to the said Troy Teal.

It is not difficult to see why this is true. Not only has the State Board of Pardons and Paroles, by law, full and complete authority to grant the privilege of a parole to a convict; but it has, in the same way, authority to supervise, unhindered and unquestioned, the "parolee"—and to alter at its will the conditions for the retaking of parole violators, so long as their punishment is not increased. Pinkerton v. State, supra.

One can easily see that to allow respondent—or any court—to "inquire into" the evidence upon which said Board acts in any given case would be greatly detrimental to the public interest. Manifestly, the Board has to rely upon much secret evidence. People are not prone to "speak out" about the derelictions of convicts on parole. The love of life is too strong.

And no harsh criticism is merited of the way in which said Board has to get its information. It violates no right of any convict. His parole is, in the first place, but a mere matter of grace.

Being resolved, at this length, into a simple question of whether or not respondent herein shall be allowed to entertain a petition for the writ of habeas corpus on the part of Troy Teal, where the sole question at issue is as to whether or not the State Board of Pardons and Paroles has properly or improperly revoked his parole, it seems to us that this excerpt from Corpus Juris is apt and applicable, to-wit: "A writ of prohibition will issue to prevent a court from proceeding in a *habeas corpus* matter *out of its jurisdiction,* notwithstanding the respondent may have jurisdiction to issue writs of *habeas corpus* in proper cases." (Italics ours.) 29 C.J. 116.

As forming the views we hold, we quote this, to-wit: "Prohibition may be granted to restrain the issuance of habeas corpus by a lower court where facts are brought out which, if they had been called to the attention of the lower court, would have constituted good ground for the dismissal of the proceeding." 42 Am.Jur. 163. Also Brown, etc., v. Superior Court, etc., supra.

Or better, "but it is the settled rule that prohibition is the proper remedy to afford relief against usurpation of jurisdiction or power by an inferior court, or when, in the exercise of jurisdiction in handling matters clearly within its cognizance, the inferior court transgresses the bounds prescribed to it by the law, where there is no adequate remedy available in the ordinary course of the law by which such relief can be obtained." 42 Am.Jur. 157, citing Ex parte State ex rel. Attorney General, 150

Ala. 489, 43 So. 490, 10 L.R.A.,N.S., 1129, 124 Am.St.Rep. 79. And see State ex rel. Attorney General v. Speake, Judge, 187 Ala. 426, 65 So. 840.

It is our considered judgment, therefore, that the petitioner herein is entitled to the writ of prohibition prayed for, and the same will be here issued, prohibiting the respondent from entertaining further—it plainly appearing that the term of his imprisonment in the penitentiary has not expired—the petition of Troy Teal for the writ of habeas corpus.

Writ of prohibition granted.