132 So.2d 120

Fred S. BALL, Jr., et al.,

v.

Walter B. JONES, as Judge.

3 Div. 935.

Supreme Court of Alabama.

June 22, 1961.

Robt. McD. Smith and Lange, Simpson, Robinson & Somerville, Birmingham, and Ball & Ball, Montgomery, for petitioners.

Rushton, Stakely & Johnston and Hill, Hill, Stovall & Carter, Montgomery, for respondent.

SIMPSON, Justice.

Brought under review by this proceeding is the constitutionality, vel non, of so much of § 6 of Act 729, General Acts of Alabama, 1957, Regular Session (pp. 1134 et seq.) providing that any petitioner for a zoning or rezoning of his property, or certain adversary property owners, who are aggrieved by any decision, order, or act of the legislative body of the city (here the City Commission) with respect to such petition, may appeal within 15 days from the date of such decision, order, or act to the Circuit Court in the county in which the city is located. The cause in such Circuit Court, according to the provisions of said § 6, is to be tried de novo with the right to a jury trial if demanded. As a matter of fact, it would seem that the act only applies to Montgomery, but was passed as a general law.

The petitioners, Fred S. Ball, Jr., Charles A. Ball, and Richard A. Ball, are owners of certain real estate located in the City of Montgomery, which has been leased to petitioner Sears-Roebuck & Co. When the lease agreement was made, the property was then classified under the zoning ordinance of the City of Montgomery as Residence A and C districts. Pursuant to an application of petitioners, the Board of City Commissioners of the City of Montgomery (denominated in said act as "the Legislative body of the city") enacted an ordinance on June 22, 1960 amending the zoning ordinance of Montgomery so as to rezone the real property from Residence A and C to Local Business District. On June 23, 1960 certain named persons, described as living or owning property within 1,000 feet of the real property affected by the rezoning ordinance, filed with the City Clerk of Montgomery a notice of appeal to the Circuit Court of Montgomery County, under the provisions of said § 6 of the statute and demanded a "jury trial, de novo". On July 6, 1960 the City Clerk of Montgomery certified the proceedings of the Board of Commissioners and the enactment of the rezoning ordinance and filed the same with the Clerk of the Circuit Court. On July 11, 1960 petitioners filed in the Circuit Court of Montgomery County a motion to dismiss the appeal which was subsequently amended. The respondent judge overruled said motion and this petition for writ of prohibition or other appropriate writ is filed here for the purpose of reviewing said order overruling petitioners' motion to dismiss the appeal.

■ In the investigation of the constitutionality of an act of the legislature, we should determine what the constitution in expressed terms or by 'ts just implication means and this must depend upon the reading of the constitution itself. The provisions of the enactment itself cannot be consulted to give interpretation to the language of the constitution. The question has been ably argued by counsel for the parties and we approach its consideration with due sense of its importance and in recognition of the principle that enactments of the legislature are presumed to be constitutionally valid and this presumption prevails until it appears beyond a reasonable doubt that the enactment under consideration is invalid or obnoxious to the expressed terms of the constitution or to the necessary implication afforded by, or flowing from, such expressed provisions.

The strict legal question is whether or not said § 6, supra, providing for an appeal from the ordinance of the City Commission rezoning the questioned property to the Circuit Court with a right of a trial de novo violates §§ 42 and 43 of our constitution which provides for the separation of powers of government into three distinct branches: the Legislative, the Executive, and the Judicial.

■ It is hardly necessary to comment on the meaning of a trial de novo. A trial de novo, within the common acceptation of that term, means that the case shall be tried in the Circuit Court as if it had not been tried before, and that that court may substitute its own findings and judgment for that of the lower tribunal. Or as stated in Thompson v. City of Birmingham, 217 Ala. 491, 492, 117 So. 406, 407:

"* * * when an appeal is allowed by statute from the judgment of an inferior court to a superior court, where the case is to be tried de novo, * * * a trial de novo means a new trial 'as if no trial had ever been had, and just as if it had originated in the circuit court.'"

See also Vinyard v. Republic Iron & Steel Co., 205 Ala. 269, 87 So. 552; California Co. v. State Oil & Gas Board, 200 Miss. 824, 27 So.2d 542, 544.

The circuit court of Montgomery County is made a part of the Judicial Department of the State of Alabama by § 139 of the Constitution of 1901. Petitioners contend—and we think correctly—that if an appeal to the circuit court is allowed from the enactment of zoning ordinances, with a trial de novo and possibly a trial by jury if demanded, the conduct of the trial and judgment or verdict of the jury will supplant the considered judgment of a legislative body, the City Commissioners, and thus the circuit court will be performing legislative functions of government prohibited by said §§ 42 and 43 of our constitution.

The legislative power of this state is defined in § 44 of the constitution: "The legislative power of this state shall be vested in a legislature, which shall consist of a senate and a house of representatives." It is well known that legislative powers have been delegated to municipalities. In the early case of Dunn v. Court of County Revenues of Wilcox, 85 Ala. 144, 147, 4 So. 661, 662, this court stated the well recognized principle that "* * * While the general rule obtains that the power to make laws is vested in the general assembly by the constitution, and this power can not ordinarily be delegated to any other tribunal, yet it is nowhere denied that it is competent for the general assembly to delegate to municipal corporations the power to enact by-laws and ordinances which in many particulars may have all the force and validity of a statute enacted by the general assembly itself. This is commonly done in the charters granted to incorporated towns and cities, and the authority thus conferred comprehends a vast number of subjects affecting the property rights and personal liberty of the citizen, and covering the same class of acts regulated by state laws. The American theory of municipalities is that the legislation permitted to be exercised by them is a mere delegation of power of the state; and hence it is an established rule *that all laws or ordinances enacted by virtue of this delegated power are, in a certain sense, as much part of the general system of legislation as are the laws of the state, * * *"*. (Emphasis supplied.)

■ A city or municipal corporation does not have the inherent power to enact and enforce zoning regulations. White v. Luquire Funeral Home, 221 Ala. 440, 129 So. 84; Leary v. Adams, 226 Ala. 472, 147 So. 391; Alabama Alcoholic Beverage Control Board v. City of Birmingham, 253 Ala. 402, 44 So.2d 593. Municipal corporations were granted the power and authority to enact comprehensive zoning ordinances under Code 1940, Tit. 37, §§ 772–773. This court in Marshall v. City

of Mobile, 250 Ala. 646, 35 So.2d 553, recognized the well-known rule that municipal authorities act in a legislative capacity in the enactment of zoning ordinances. Also, the amendment to a comprehensive zoning ordinance or a rezoning of a certain area, as was done in the instant case, becomes a part of the existing comprehensive ordinance and, a fortiorari, is a legislative act. Phillips v. City of Homewood, 255 Ala. 180, 50 So.2d 267.

■ The limitation of judicial review grows out of the character of the proceedings involved. That the enactment of zoning ordinances is a legislative function and not a judicial one is well established and should need little citation of authority. We will, however, quote from Marshall v. City of Mobile, supra, where it is said:

"The courts recognize that in the passing of such general zoning ordinance, the municipal authorities *act in a legislative capacity*, and that their superior opportunity to know and consider the varied and conflicting interests involved, to balance the burdens and benefits, to lay out zoning districts with a view to the general welfare of the city, render the courts slow to set up their own opinions as against those charged with and in position to rightly perform such duty. Before the courts will interfere, it must be made to appear that such an ordinance passes the bounds of reason and assumes the character of a merely arbitrary fiat." (Emphasis supplied.)—250 Ala. at page 649, 35 So.2d at page 555.

Again:

"Every intendment is to be made in favor of the zoning ordinance and the matter was largely in the legislative discretion of the municipal authorities."—250 Ala. at page 650, 35 So. 2d at page 556.

Again:

"Here the city Commission *is acting in the exercise of a legislative func-*

*tion* and with a wide degree of discretion."—250 Ala. at page 651, 35 So.2d at page 557. (Emphasis supplied.)

101 C.J.S. Zoning § 1; Andrews v. Town Bd. of Town of DeWitt, Sup., 98 N.Y.S.2d 494(2, 3).

■ To be sure, such legislative enactment, though not a judicial matter, is subject to judicial review, but only to determine the enactment's validity under the police power of the municipality. "Accordingly, the courts have power to grant relief in appropriate proceedings against zoning which is unreasonable, discriminatory, unconstitutional, or otherwise invalid, * * *." 101 C.J.S. Zoning § 320, pp. 1103, 1104. See also 101 C.J.S. Zoning § 5, pp. 672, et seq. This seems to be the universal rule. See 3 McQuillin, Municipal Corp., Vol. 8, p. 677, § 25.278.

The division of our government into three separate departments, Legislative, Executive, and Judicial, under § 42 of our constitution, with the prohibition against either exercising the powers of the other "to the end that it may be a government of laws and not of men" as provided in § 43 of the constitution, is discussed in Fox v. McDonald, 101 Ala. 51, 13 So. 416, 21 L.R.A. 529, 46 Am.St.Rep. 98; and State ex rel. Wilkinson v. Lane, 181 Ala. 646, 62 So. 31; and need little elaboration here. These cases are not contrary to the view here entertained. We do not regard either of these cases, or any others that have come to our attention, as authoritative to allow the transfer of the legislative power of any subdivision of our state to the judiciary. See also City of Birmingham v. Southern Bell Tel. & Telegraph Co., 234 Ala. 526, 176 So. 301.

■ It seems, therefore, apodictic that any right of appeal from the legislative enactment of the city to the circuit court with a trial de novo as provided in said § 6 was intended to clothe the circuit court with legislative power in the field of passing zoning ordinances, which is strict-

ly a legislative function and inhibited by the stated sections of our constitution, as so well reasoned in all our cases and elsewhere. To transfer this power to the circuit court would clearly be an invasion of the legislative field and beyond the proper functions of the court. The resort to the courts in such cases is to confine the legislative power within constitutional bounds and against arbitrary, unreasonable, or unlawful action, and if there is no occasion for the exercise of that character of review, then there is no duty for the court to perform. To repeat, the enactment of zoning ordinances is a legislative and not a judicial function and the only review which the circuit court could properly undertake would be to determine whether or not the City Commission acted arbitrarily, unreasonably, or unlawfully in enacting the ordinance. See authorities, supra, including McQuillin.

To rationalize further, the result of the underlying theory of the statute under consideration allowing an appeal with trial de novo to the circuit court by any person aggrieved by the enactment of a zoning ordinance by the legislative body of the city, would make it quite possible for the circuit court, with or without a jury, to completely nullify such an ordinance. Such result effected by the judicial branch of the government in a matter purely legislative would be to substitute the judgment of the circuit court for that of the law making body of the municipality. Manifestly, such a result would run counter to our present form of government and in contravention to § 43 of our organic law prohibiting the judiciary from invading the legislative domain.

To further demonstrate how uniquely illogical and unconstitutional is the considered provision of § 6, we pose some simple questions. Suppose it could be held, by some elaborate stretch of the judicial imagination, that such an appeal would lie. By what standard would the jury or the court be guided in determining whether the ordinance should be overruled or annulled? Would the guiding standard be the whim of

the esthetic or the unbridled decision of the jury as to whether the ordinance was right or wrong? These questions contain their own answer, viz., such matter is without the realm of judicial interference. Such decision is rightly entrusted to the legislative body of the city that knows the local necessities and only acts after having been advised by an experienced board, whose sole power is to recommend, i. e.: the City Planning Commission. McQuillin, supra, p. 550, § 25.219 et seq.

The situation confronting us here is quite different from that provided by § 783, Tit. 37, Code 1940, which provides for an appeal by an aggrieved party to the circuit court with trial de novo from a final judgment of the Board of Zoning Adjustment of towns and cities. This court has very correctly held that the Board of Adjustment performs quasi judicial functions and, therefore, is amenable to judicial review in the circuit court. In Nelson v. Donaldson, 255 Ala. 76, 81, 50 So.2d 244, 248, it was pointed out that while no body in which is vested the legislative power may abdicate its legislative functions by delegating power to another body, "it is equally well established that the legislative body may delegate to a subordinate body the power to execute and administer its laws, where the legislative body has formulated *a standard reasonably clear to govern the action of such subordinate body*". (Emphasis supplied.) See also Water Works Board of City of Birmingham v. Stephens, 262 Ala. 203, 78 So.2d 267; Arants case, Arant v. Board of Adjustment, 271 Ala. 600, 126 So.2d 100. The Nelson v. Donaldson case stresses the proposition that the appeal under § 783 from a decision of the Board of Adjustment to allow a variance, a nonconforming use, etc. is the decision of a quasi judicial body established by the legislature to execute and administer the zoning laws, where the legislative body has formulated the standards by which the Board of Adjustment should be governed in making its decisions. The situation instantly confronting us is entirely different, since no standard to guide the cir-

cuit court on appeal is formulated and indeed none could be formulated, since the circuit court is not, and could not be vested with the power to enact or annul, or overrule zoning ordinances. Indeed, if we read the Stephens case, supra, correctly, it impliedly held that a different result would be reached if the action of the Water Works Board had been a rezoning of the property. The court held that such was not the status.

The same rationale distinguishes the instant case from Ex parte Darnell, 262 Ala. 71, 78, 76 So.2d 770, 774. That case pointed out that the Personnel Board of Jefferson County was, by the enactment creating it, vested "with powers of a judicial nature" (describing them). And thus a right of appeal to the circuit court with trial de novo was proper. But the opinion clearly pointed out that a legislative act of the legislative department of government could not be reviewed in such a manner. Citing City of Birmingham v. Southern Bell Tel. & Telegraph Co., supra; and Alabama Public Service Commission v. Southern Bell Tel. & Telegraph Co., 253 Ala. 1, 42 So.2d 655. The opinion points out "the Public Service Commission in fixing rates is legislative and not judicial". Of course the fact that the legislature delegated this rate-fixing duty to the Public Service Commission made it nonetheless legislative. So also, the fact that the legislature delegated to the Board of Commissioners of the various cities the power to enact zoning ordinances rendered such ordinances, when enacted, nonetheless legislative. As observed in Dunn v. Court of County Revenues of Wilcox, 85 Ala. 144, 147, 4 So. 661, 662, hereinabove, "the American theory of municipalties is that the legislation permitted to be exercised by them is a mere delegation of the power of the state; and hence it is an established rule that all laws or ordinances enacted by virtue of this delegated power are, * * * as much part of the general system of legislation as are the laws of the state". Hence, it is clear that the Judicial Department of the state could not be empowered to review the wisdom or unwisdom, or the rightness or wrongness of laws passed under this delegated power any more than if the laws had been passed by the legislature itself.

Respondent contends that municipal officers act in all three capacities, executive, legislative, and judicial, without constitutional objection. This general statement is found in some of our cases such as State ex rel. Wilkinson v. Lane, supra, wherein DeGraffenried, J., 181 Ala. on page 658, 62 So. on page 34 referring to §§ 42 and 43 of our constitution said, "A casual reading of these sections will disclose that they have no applicability, and were never intended to apply, to mere town or city governments or to mere town or city officials". Respondent then advances in brief the contention that whether the action of the City Commission appealed from was judicial, legislative, or administrative makes no difference, for the Commissioners were acting under a plan established by the legislature which included appeal to the circuit court as an integral part. In one of respondent's briefs the following is found: "Sections 42 and 43 are checks and balances on the powers and duties of the 'three distinct departments' of the State Government and operate solely on the State level, that is on the *State* Legislature, the Governor and other constitutionally designated *State* officers and the Courts of the *State* as established by the Constitution". Here the respondent acknowledges the doctrine of separation of powers pronounced by §§ 42 and 43 of our constitution, and that the circuit court is a part of the judicial department of the State of Alabama, and must obey the constitution. Passage of ordinances, whether zoning or not, constitute a legislative act by the city legislative body. And the review under the considered statute of the city zoning ordinance is in the circuit court—a part of the judicial department of government—and the prohibition as to separation of powers applies, whether they do or do not apply to town, city, or municipal authorities. Therefore, clearly whether §§ 42 and 43 apply to local municipal officers in performance of

their various duties has no bearing on the outcome of the instant decision.

We perhaps are writing too much, but out of respect for the parties and the seeming earnest argument of distinguished counsel, we will continue with a few more observations.

In respondent's supplemental brief it is argued that under Act 729 Judge Jones, on appeal, could decide "judicial matters" such as whether the ordinance is valid or arbitrary, etc. We do not conceive this to be a proper construction of the Act, since § 6 gives the circuit court with or without a jury the power to try the case de novo and hence a decision there would not be limited to the above determinations, but the door is thrown wide open for a new determination on any other deducible facts as if it had originated in the circuit court. Authorities on trial de novo, supra.

Likewise, we are in disagreement with distinguished counsel for respondent that the case of Attorney General v. Inhabitants of Dover, 327 Mass. 601, 100 N.E.2d 1, 3, in any way supports the respondent's contention. The Massachusetts statute apparently did not provide for an appeal to a court from a zoning ordinance. It merely empowered the Attorney General to "bring an information in equity for a declaratory decree as to the validity of any municipal ordinance or by-law" enacted under the zoning· enabling statutes. Only the validity of the ordinance could be questioned, not its wisdom or unwisdom. This holding, in fact, reinforces our view. Although it was argued that such a statute imposed on the court a non-judicial function, the Supreme Court of Massachusetts very properly held:

"* * * By the second section of St.1950, c. 325, the Legislature has in effect said that whenever it appears to the Attorney General that a municipal ordinance or by-law relative to zoning is probably invalid he shall have a cause of action for the determination of its validity. That is a kind of issue

with which the courts are constantly dealing, and with which they are particularly adapted to deal. It involves only the usual interpretation of the law and its application to the facts. * * * It does not involve questions of public policy. The decision of such an issue is neither legislative nor an executive act." 100 N.E.2d 4.

Such a position is entirely consistent with our view, viz., a court may be given power by statute to review the validity, vel non, of an ordinance or other legislative act but not the power to review the wisdom or unwisdom of the enactment by a trial de novo. City of Birmingham v. Louisville & Nashville Railroad Co., 213 Ala. 92, 104 So. 258, is authoritative to the same effect.

Rather, we think that the petitioner's reply brief in answer to the respondent's supplemental brief is more to the point in citing as authoritative to the view which we are here expressing, the Mississippi case of California Co. v. State Oil & Gas Board, 200 Miss. 824, 27 So.2d 542, 28 So.2d 120. In that case an appeal was taken to the Circuit Court of Adams County, Mississippi from an order of the State Oil and Gas Board. Under Mississippi law such an order was regarded as a legislative matter. The constitution of Mississippi was quite similar to our provisions with respect to the separation of powers of government. The Mississippi statute assailed provided for an appeal from the order of the Board to the circuit court with the right of a trial de novo (like Act 729) empowering the circuit court to approve or disapprove the action of the Board. In holding that the provision of the statute was contrary to the Mississippi constitution the court stated:

"The Legislature itself had the right in the first instance to prescribe the general rule and regulation as to the spacing of oil and gas wells and to provide for exceptions thereto under given circumstances, and it had the right to delegate this legislative power to a

special administrative agency, composed of the State Oil and Gas Supervisor, who is to be a competent petroleum engineer or geologist with at least five years experience in the development and production of oil and gas, and therefore presumed to have expert knowledge as to the proper rules and regulations for the spacing of oil and gas wells, and also the Governor, Attorney General, and State Land Commissioner, as it has done by Section 5 of Chapter 117, Laws of 1932, now Section 6136, Code 1942. And it is to be conceded that in adopting such general rule and regulation, the Oil and Gas Board was acting in a legislative capacity; and we are of the opinion that in granting the exception involved in the instant case to the said general rule and regulation the said Board was likewise acting in at least a quasi legislative capacity. In order that any hearing shall be judicial in character, it must proceed upon past or present facts as such, which are of such nature that a judicial trial tribunal may find that they do or do not exist, while in making these conservation rules and the exceptions thereto the larger question is one of state policy. So that what is to be made of the facts depends upon their bearing upon a legislative policy for which persons of special training and special responsibility have been selected."—27 So.2d 545.

The concurring opinion of Judge Griffith is even more in point, where he reasons that since the legislature itself could not have delegated the business of regulating oil and gas production—a legislative matter—to the circuit court in the first instance, it could not do so by the indirect device of a trial de novo. Also, in the later case of City of Meridian v. Davidson, 211 Miss. 683, 53 So.2d 48, 52, the Mississippi Supreme Court, following the California case, made the following pertinent observation with reference to an analogous matter:

"It would have been beyond the power of the Legislature to grant a trial de novo in the sense of foisting upon a court and jury the performance of non-judicial functions, that is to say in the sense of permitting the court or jury to substitute their own judgment for that of the civil service commission when the latter had exercised purely an executive function."

■ The principle which we have endeavored to exposit seems so unassailable from the standpoint of logic and sound judicial principle that we will refrain from further comment. We conclude by repeating, a city ordinance is a legislative act. The legislative function with the right of the legislative body to determine the wisdom and propriety of the matter, its superior opportunity to know the needs of the community, and the policy of legislative acts are within the power of the legislative body and the enactment and review of a zoning ordinance, except as hereinabove shown, is a thing apart from the judicial function. Hence, the statute seeking to impose upon the circuit court a non-judicial function, a matter exclusively within the power and discretion of the legislative body of the city, cannot be conferred on the judicial branch of government.

Other incidental questions raised by respondent are without merit and seem to need little treatment.

■ Petitioners are not estopped, as argued by respondent, to raise the question of the constitutionality of so much of § 6 providing for a de novo trial in the circuit court. Just because they sought a rezoning under Act 729, would not estop them from raising the constitutional question since they claim no right peculiar to Act 729 in attempting to have the property rezoned. The same right could have been asserted under the general law had not Act 729 been enacted for Montgomery County in place of the General Act. Under authority of Houston County Bd. of Revenue v. Poyner, 236 Ala. 384, 182 So. 455, it seems clear

enough that the underlying principles of estoppel in pais, or equitable estoppel, are lacking here so the fact that petitioners followed the procedure provided in Act 729 (containing saving and severability clauses) would not estop them from challenging that part of § 6 providing for appeal and de novo trial in the circuit court.

 Nor are we in agreement with respondent's contention that a writ of prohibition to prevent the lower court from acting in a matter over which it has no jurisdiction is improper. To the contrary, we are not apprised of any other proceeding which would be adequate. A writ of prohibition is a preventive rather than a corrective remedy, to prevent usurpation or excessive jurisdiction by a judicial tribunal and to keep each court within the limits to which law confines it. State ex rel. McQueen v. Horton, 31 Ala.App. 71, 14 So.2d 557, affirmed 244 Ala. 594, 14 So.2d 561; Ala.Dig., Prohibition, Key No. 1. Respondent cites Boyd v. Garrison, 246 Ala. 122, 19 So.2d 385 to support his contention. We regard the Garrison case as inapposite as authority for his contention. The holding of that case was that a writ of prohibition to restrain a judge of probate from performing a ministerial act was not proper. That case did indicate, however, that the writ would be proper to prohibit the probate judge from proceeding in a judicial way in a matter beyond his jurisdiction. The court observed:

"The so-called writ of prohibition is not here sought for the purpose of prohibiting the judge of probate from proceeding in a judicial way to decide a matter which he has no jurisdiction to do."—246 Ala. at page 125, 19 So.2d at page 387.

 The final contention of respondent is that the members of the Board of Commissioners of the City of Montgomery are necessary parties. No apposite authority is cited. We likewise hold this contention to be without merit. The real parties in interest are the petitioners and "certain named persons described as living or owning property within one thousand feet of the real property affected". Those "named parties" are here before the court in the person of the respondent judge, with their attorneys representing the respondent. We think this suffices to give this court jurisdiction. Ex parte Benson, 243 Ala. 435, 10 So.2d 482; Ex parte Kelley, 30 Ala.App. 293, 4 So.2d 431.

Probably some comment should be made with reference to the opinion of Mr. Justice GOODWYN where he writes that only the trial de novo feature of § 6 should be eliminated but leaving in the right of appeal. This idea emanated from the California case, supra, 27 So.2d 542. We think the separately concurring opinion of Mr. Justice Griffith expresses the correct legal view, where he observed:

"* * * and thus * * * all the authority which could be conferred on the courts would be of a review to determine whether the Oil and Gas Board in its order acted within the authority conferred on it by statute, and if so, then whether in making its order it did so upon facts substantially sufficient to sustain its action.

"The essential nature of such a review is such that it must be of what the Board had before it at the time it made its order. It would be an incongruity as remarkable to permit another and different record to be made up on appeal to the circuit court as it would be to allow another and a different record to be presented to this Court on an appeal to it". At page 548.

The same situation would confront the circuit court in the instant case should Mr. Justice GOODWYN'S view prevail.

 General rules of construction are also helpful. In case of doubt or inconsistency between language in the enacting part of a statute and language in the pream-

ble, the preamble controls because it expresses in the most satisfactory manner the reason and purpose of the act. Sutherland Statutes and Statutory Construction, Vol. 2, p. 342, § 4801(3).

 Looking to the preamble of Act No. 729 with reference to appeals, it provides "for and regulating appeals from orders, decisions, and actions of the council, commission or like legislative body"; and responsive to this preamble (of regulating appeals) § 6 provides that an aggrieved party "may appeal * * * to the circuit court * * * [and] in case of appeal * * * the cause in such court shall be tried de novo". It seems quite evident that the provision for an appeal is single and the quoted clause can not be separated so as to strike "trial de novo" from the preceding clause giving the right of appeal. In our view any other construction would at least ignore not only the plain language of the statute, but also the well known principle of ejusdem generis.

Let the Writ of Prohibition issue.

LIVINGSTON, C. J., and MERRILL and COLEMAN, JJ., concur.

GOODWYN, J., concurs in part and in part dissents, as shown by his separate opinion.

LAWSON, J., dissents, as shown by his separate opinion.

STAKELY, J., not sitting.

GOODWYN, Justice (concurring in part and dissenting in part).

I agree that Act No. 729 (approved Sept. 20, 1957, Acts 1957, Vol. II, p. 1134), to the extent it provides for a trial de novo with power in the circuit court to zone or not to zone, is unconstitutional. However, there are judicial questions relating to zoning which are proper subjects of review by the circuit court.

As I understand the majority opinion, it precludes the circuit court from reviewing the action of the board of commissioners by appeal under Act No. 729, even if review on such appeal is confined to questions properly before the court. In other words, the majority would completely strike out of the Act the provisions giving the right of appeal when questions of zoning are involved. It is with this phase of the opinion that I am unable to agree.

Act No. 729 contains a severability clause providing that "if any part of the Act is declared invalid or unconstitutional, such declaration shall not affect the part which remains." It appears to me that the part of the Act providing for a trial de novo can be separated from the part providing for appeals so as to permit appeals to the circuit court for review of questions properly reviewable there. Petitioners seem to agree with this, although thy seek, by their petition, to prohibit the circuit court from entertaining the appeal for any purpose. As stated in one of their briefs, viz.:

"This is entirely consistent with Petitioners' position and, in fact, reinforces it, i. e., a court may be given power by statute to review the validity of an ordinance or other legislative act but not the power to review its wisdom by trial de novo. We cheerfully concede the legislature could give the Circuit Court of Montgomery County the power to so review this particular ordinance. This was after all done in City of Birmingham v. Louisville and Nashville Railroad Company, 213 Ala. 92, 104 So. 258.

"As a matter of fact, in a case remarkably like that at bar (already cited in our supplemental brief) the Mississippi Supreme Court declared only the trial de novo feature unconstitutional, leaving in effect the statutory right to a court review.

"This is the case of California Company v. State Oil & Gas Board, 200 Miss. 824, 27 So.2d 542, decided in 1946."

It is a well-settled principle that all presumptions should be indulged in favor of the validity of a statute; that its unconstitutionality must appear beyond a reasonable doubt before declaring it to be invalid; and that it should be given such a construction, if possible, as will sustain its validity. It seems to me that the right of appeal with respect to zoning action taken by the board of commissioners, being separable from and not wholly dependent on the provision for a trial de novo, should remain as a valid part of the Act. I think this is in accord with the legislative intent, gathered from the provisions of the Act itself, particularly when considered in the light of the principle that the validity of a statute should be upheld, if possible. Of course, the power of the circuit court, on appeal, would be limited to the exercise of a judicial function, in contrast to one that is legislative.

I would grant the writ so as to prohibit the circuit court from proceeding with a trial de novo, but would not prohibit it from entertaining the appeal with respect to judicial questions properly reviewable there.

To the extent indicated, I respectfully dissent.

LAWSON, Justice (dissenting).

Resort may be had to the courts where it is made to appear that a zoning ordinance "passes the bounds of reason and assumes the character of a merely arbitrary fiat." Marshall v. City of Mobile, 250 Ala. 646, 35 So.2d 553, 555. We have also said that resort may be had to the courts when the enforcement of a zoning ordinance unlawfully deprives a person of property rights or unlawfully interferes with his right to use his property. Phillips v. City of Homewood, 255 Ala. 180, 50 So.2d 267.

The court recognizes this right of court review, but has held that it cannot be invoked by a resort to § 6 of Act 729, approved September 20, 1957, 1957 General Acts, p. 1134.

I cannot agree with this narrow construction of the provisions of § 6 of Act 729, supra.

I know of no reason why the Legislature cannot legally provide for such a review by appeal.

The construction placed on § 6, supra, by the court strikes down most, if not all, of the provisions of § 6, supra, in spite of the severability clause of Act 729 and in spite of the recognized rule that enactments of the Legislature are presumed to be "constitutionally valid."

In my opinion, the court's failure to recognize this principle places the entire act in jeopardy, for it may well be insisted that without the appeal feature included in § 6, supra, the act would not have been passed. If the severability clause cannot save the appeal provisions of § 6, supra, the question is presented as to whether it can save the other provisions of Act 729, supra.

I entertain the view, therefore, that the writ of prohibition should not issue without expressing an opinion as to whether the adoption of the rezoning ordinance in question here was a legislative function.

I prefer not to pass at this time on this question of first impression in this state, since an expression by me would not affect the decision.

The time which has been available to me for research since I have been brought into a consideration of this case has not been adequate for me to exhaust the authorities on the question. I find that the courts of other states are not in accord.

As going to show the differences of opinion, I call attention to several cases of courts of other states.

Although it is not cited in support of the statement that the enactment of the rezon-

ing ordinance is an exercise of a purely legislative function, such is held in the case of Andrews v. Town Board of Town of Dewitt, Sup., 98 N.Y.S.2d 494, which is cited elsewhere in the court's opinion. To like effect is the holding of the Court of Appeals of Ohio in Hilltop Realty, Inc., v. Town of South Euclid, 110 Ohio App. 535, 164 N.E.2d 180. In Lumb v. Zoning Board of Review of Town of Bristol, R.I., 165 A.2d 504, 507, the court held: "A town council acting to enact, *amend,* or repeal a zoning ordinance is engaging in a purely legislative action." (Emphasis supplied.)

The Superior Court of New Jersey expressed a contrary view in the case of McNamara v. Borough of Saddle River, 60 N.J.Super. 367, 158 A.2d 722, 726. That case involved the validity of an amendment of the borough of Saddle River zoning ordinance.

The New Jersey Court said in part as follows:

"The defendant argues that Ordinance No. 105 was enacted in the exercise of a purely legislative function and therefore that there cannot be a judicial review thereof except in special circumstances not present here. The court in Aldom v. Borough of Roseland, 42 N.J.Super. 495, 127 A.2d 190, 197 (App.Div.1956), did not hold that the function of the council was *quasi*-judicial solely for the reason mentioned in the defendant's brief. The opinion cites four reasons for the determination:

" 'However, here the function was not exclusively legislative; it partook sufficiently of the *quasi*-judicial to warrant examination by the courts. The superintendence of the council over the approval by the planning board of the zoning changes, the deliberative function involved in considering the conflicting arguments which arose at the required public meeting, the fact that only one person controls about 90% of the benefited land, and, in the factual setting, the nature of the decision to exercise the police power, which is at the root of all zoning, cannot be ignored.'

"In the factual setting of the present case with its background of public contention described in the Appellate Division opinion, the deliberative function of the council in this exercise of the zoning power was *quasi*-judicial. And the process called for the exercise of discretion by the governing body according to the weight of conflicting public considerations making it judicial in quality according to the test established in Pyatt v. Mayor and Council of Borough of Dunellen, 9 N.J. 548, 89 A.2d 1 (1952). To be taken into account is the fact that the ordinance, although general in terms, affected only a single situation. The council's action is subject to judicial review." 158 A. 2d 726.

In Kelley v. John, 162 Neb. 319, 75 N.W. 2d 713, the Supreme Court of Nebraska held that the governing body of the City of McCook in adopting a rezoning ordinance was acting in an administrative capacity rather than legislative. The Nebraska court recognized, as does this court, that in adopting an original comprehensive zoning ordinance the municipal authorities act in a legislative capacity, but pointed out the distinction when the municipal action was the adoption of an amendment to the comprehensive zoning ordinance.

For the reasons heretofore indicated, I feel constrained to dissent from the action of the court in ordering the issuance of the peremptory writ of prohibition.