161 So.2d 491

**Embril Melvin SWANGER**

v.

**STATE of Alabama.**

**6 Div. 58.**

Supreme Court of Alabama.

Feb. 20, 1964.

Percy B. Watkins, Birmingham, for appellant.

Richmond M. Flowers, Atty. Gen., and Owen Bridges, Asst. Atty. Gen., for the State.

MERRILL, Justice.

Appeal from a judgment of the circuit court denying petition for habeas corpus.

The question presented is whether the interruption of a prison sentence for the county by the beginning and service of a prison sentence for the state entitles the prisoner to a discharge from the unserved portion of the sentence for the county, the prisoner having remained continuously in the custody of either the county or state authorities.

On May 28, 1958, petitioner was sentenced after conviction of three separate misdemeanors in the Jefferson County Criminal Court as follows:

(1) Case 12,206. Issuing worthless checks. Fine $250, 90 days at hard labor and 29 days for court costs. 44 additional days were subsequently added for failure to pay removal costs.

(2) Case 12,210. Issuing worthless checks. Fine $250, 90 days at hard labor and 31 days for court costs.

(3) Case 12,215. Selling, concealing or disposing of property purchased on conditional sales contract. Fine $250, 90 days at hard labor and 31 days for court costs.

Petitioner did not pay the fines in the three cases, thereby adding 90 days in each case, Tit. 15, § 341, Code 1940. His total time for the three cases was 495 days.

On July 7, 1959, petitioner was convicted in the same court on the charge of escape and was sentenced to 90 days hard labor

and ten months maximum for costs (Tit. 45, § 84).

In addition to these sentences, petitioner received two sentences to the state penitentiary for felonies:

Case 100,542—Embezzlement. 1 year and 1 day, on June 24, 1958.

Case 5,480—Escape. 2 years, on April 11, 1962.

Petitioner began serving his time on the first case, 12,206, on May 28, 1958, and served 72 days to August 7, 1958, when he was transferred to the penitentiary to serve his state time in case 100,542. He completed this time (in less than 9 months) and was returned to Jefferson County on March 27, 1959. He served 63 days and escaped on May 27, 1959. He was returned to the county jail on June 25, 1959, and served 37 days before again escaping on July 31, 1959.

While in jail on July 7, 1959, he was sentenced in case 24,248 for escape. At the time of his second escape, petitioner had served 172 days on his first county sentence in case 12,206. He was returned to Jefferson County on February 6, 1962, and on April 11, 1962, he was sentenced 2 years for escape in case 5,480.

On April 30, 1962, petitioner was transferred to the state penitentiary, given credit for 83 days (February 6—April 30) on his county time, served his state sentence in case 5,480 and was returned to the Jefferson County jail on September 25, 1963, and his time since then has been applied to the county cases.

The testimony at the trial revealed that petitioner had received credit for 271 days on his county sentences and at that time still owed the county 10 months and 492 days.

Petitioner contends that he is entitled to his freedom because his sentences for Jefferson County were interrupted by his transfer to the penitentiary for the purpose of serving his state sentence. He also contends that his county sentences ran concurrently with his state sentences and that he has served enough time to go free on all the county sentences.

The two pertinent statutes are Tit. 45, § 32 and § 83, Code 1940. Sec. 32 deals with state convicts having two or more convictions and Sec. 83 deals with county convicts having two or more convictions. Sec. 83 was amended in 1961, but we agree with petitioner that the instant case is governed by the law as it was prior to the 1961 amendment. The pertinent statutes are as follows:

"§ 32. When a convict is sentenced to imprisonment in the penitentiary on two or more convictions, the imprisonment on the second and on each subsequent conviction must commence at the expiration of the imprisonment on the preceding conviction; in case the record of the prisoner during his term shall have been good, the expiration of such term shall be considered the expiration of such preceding conviction, so that a subsequent term of imprisonment may begin."

"§ 83. When a convict is sentenced to hard labor for the county, on two or more convictions, the punishment of the second or each subsequent conviction must commence on the termination of the sentence for the preceding conviction. No person shall be sentenced to hard labor for the county so that the aggregate of the sentences on two or more convictions shall exceed two years for the crime, and the aggregate sentences for costs shall not exceed fifteen months."

No statute governs this particular case. It is quite evident that the legislative intent was that the terms were not to be served concurrently. The Court of Appeals has so stated in State ex rel. McQueen v. Horton, 31 Ala.App. 71, 14 So.2d 557, certiorari denied 244 Ala. 594, 14 So.2d 561:

"It is definitely the policy, and provision, of our law that two (or more) terms of imprisonment in the penitentiary imposed upon a convict for separate convictions shall be served consecutively, not concurrently. Code 1940, Tit. 45, § 32. This could only mean that at the expiration of the first, operative, term of such imprisonment the next operative term shall begin.

"Hence we consider it immaterial that Troy Teal, by the simple expedient of filing an appeal from the conviction suffered on February 23rd, 1932, postponed the beginning of service on the term of imprisonment imposed on that conviction, until after he had begun service of the term imposed for his conviction on April 7th, 1932. In any event—his appeal being dismissed, later —he was due to serve both terms, not concurrently, but consecutively—surely successively."

Two state sentences were considered in the Horton case, but we think the language is equally applicable here.

Petitioner was never released from the custody of any lawful prison official except to serve another prison term to which he had been lawfully sentenced. He could have been held in Jefferson County until he had served all of his sentences there. He would then have had to serve his state sentences.

We cannot say that the remainder of the county sentences are void and unenforceable merely because they were interrupted by petitioner's transfer to the state penitentiary for the serving of his state sentences.

The trial court properly dismissed the petition for habeas corpus.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.