228 So.2d 855

James E. SCOTT

v.

STATE.

3 Div. II.

Court of Criminal Appeals of Alabama.

Nov. 11, 1969.

Rehearing Denied Dec. 9, 1969.

James E. Scott, pro se.

MacDonald Gallion, Atty. Gen., and Robert E. Morrow, Asst. Atty. Gen., for the State.

ALMON, Judge.

This is an appeal from a judgment denying appellant's petition for a writ of habeas corpus.

Appellant contends that he is being illegally detained by the Alabama Board of Corrections at Kilby Prison.

The pertinent facts are that on March 31, 1965, appellant was sentenced by the Jefferson County Circuit Court to a term of five years in the State penitentiary for forgery in the second degree. On the same day he was committed to the Jefferson County Jail to await transfer to the State penitentiary. Having other cases pending against him in Jefferson County, he remained in the county jail to await prosecution. On October 14, 1965, he pled guilty to grand larceny and forgery in the second degree and received sentences of twelve months and thirty-nine days hard labor for the county and twelve months and twenty-eight days hard labor for the county, respectively. At this point of his confinement, his state sentence was interrupted and he began serving his county hard labor sentences on October 14, 1965, and concluded serving the county sentences on July 19, 1967. After completing the county sentences, he remained in the Jefferson County Jail until May 31, 1968, when he was transferred to Kilby Prison.

The evidence is somewhat in conflict as to the reason for this approximate ten months delay in transferring appellant to Kilby Prison. The State's evidence tended to show this was because his records had been misplaced. The evidence clearly shows that all time served in the county jail in excess of appellant's county sentences was applied to his state sentence. He was at all times in custody as a result of lawful sentences and received proper credit for time served. Therefore, the issue narrows to whether it is permissible for a state sentence to be interrupted by a county sentence.

In Swanger v. State, 276 Ala. 289, 161 So.2d 491, this precise question was presented in reverse. There, a county sentence was interrupted by a state sentence and the court said:

"The question presented is whether the interruption of a prison sentence for the county by the beginning and service of a prison sentence for the state entitles the prisoner to a discharge from the unserved portion of the sentence for the county, the prisoner having remained continuously in the custody of either the county or state authorities.

\* \* \* \* \* \*

"Petitioner was never released from the custody of any lawful prison official except to serve another prison term to which he had been lawfully sentenced. He could have been held in Jefferson County until he had served all of his sentences there. He would then have had to serve his state sentences.

"We cannot say that the remainder of the county sentences are void and unenforceable merely because they were interrupted by petitioner's transfer to the state penitentiary for serving of his state sentences."

We conclude that *Swanger,* supra, is dispositive of the question presented in the instant case. The trial court properly denied the petition for habeas corpus.

Affirmed.