(No. 18732.—■

THE WESTERN THEOLOGICAL SEMINARY, Appellee, vs. THE CITY OF EVANSTON, Appellant.

*Opinion filed June 23, 1928—Rehearing denied October 6, 1928.*

WILLIAM LISTER, Corporation Counsel, (HETH, LISTER & COLLINS, C. H. PENDLETON, and W. T. APMADOC, of counsel,) for appellant.

F. F. & J. V. NORCROSS, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an appeal by the city of Evanston from a decree entered by the circuit court of Cook county on a supplemental bill for injunction to restrain the city from enforcing a certain amendment to its zoning ordinance, adopted February 15, 1927.

This is the second appearance of this case in this court. The first was an appeal from the decree of the circuit court dismissing the bill for injunction to restrain the city from enforcing the zoning ordinance of January 19, 1921, as amended on April 1, 1925. The zoning ordinance of 1921 divided the city into five districts, according to the use of property permitted in the respective districts. "A" district

was a residence district, in which the ordinance provided that the buildings erected should be used exclusively for (1) single-family dwellings, (2) churches and temples, (3) libraries, (4) schools and colleges, (5) farming and truck gardening. The appellee seminary owns property in block 84 in the city of Evanston, which is in an "A" district as provided by the ordinance of 1921. On April 1, 1925, the city council of the city of Evanston adopted an amendment to that ordinance eliminating from "A" districts temples, libraries, schools and colleges and permitting in lieu thereof "public institutions having the right of condemnation under the laws of eminent domain." On appeal this court held that to exclude schools and colleges which had, as was the case with this seminary, made large expenditures and purchased property under the provisions of the zoning ordinance of 1921 was an arbitrary and unreasonable exercise of the power vested in the city under the Zoning law, as it affected the property of the appellant seminary, appellee here. (*Western Theological Seminary* v. *City of Evanston,* 325 Ill. 511.) It was also held that dormitories are buildings ordinarily forming a part of the equipment and plant of colleges, and that the fact that dormitories were proposed to be erected did not justify the passage of the amended ordinance; that the original ordinance clearly authorized the erection and maintenance by the seminary in the "A" residence district of buildings for its college, including the dormitories intended to be conducted as a part of the school and for its purposes. This court there very clearly and definitely decided that under the circumstances arising in this case the city of Evanston has no authority to exclude colleges and dormitories from an "A" district.

The prior decision of this court in this case was filed at the April, 1927, term. In February, 1927, while the case was pending in this court, the ordinance of 1925 was repealed and an ordinance adopted which provides that in "A" residence districts, in one of which the seminary's

property is located, there shall be permitted schools, elementary and high, and institutions for higher learning, "exclusive of dormitory accommodations." Upon remandment of this cause to the circuit court, with directions to overrule the demurrer filed by the city to the original bill for injunction, the seminary filed a supplemental bill, in which it set up the previous proceedings in the cause and the previous decision of this court, and alleged that the former decision of this court had determined the law in the case as to all matters of law and fact alleged in the original bill. The supplemental bill also alleges that all of the allegations of fact contained in the original bill, with the exception of the repeal of the 1925 ordinance, are true of the amendatory ordinance of 1927 and present identical questions of law; that the parties to both the original and supplemental bills are identical; that the grounds for relief urged against the enforcement of the ordinance of 1927 are identical with the grounds for relief urged against the enforcement of the ordinance of 1925. The amendment of 1925 differs from the ordinance of 1927 only in the fact that by the earlier ordinance schools and colleges were excluded *in toto,* while by the later ordinance only dormitories connected with such schools and colleges are excluded.

In the opinion on the former appeal the facts alleged in the bill were fully set out and discussed. The law was there considered and the rule laid down. It is not necessary to again set them out here. It was there held that since the original ordinance clearly authorized the erection and maintenance of colleges, including dormitories, and the seminary had proceeded under the authority of that ordinance to incur great expense and to conduct a campaign for the raising of funds to construct buildings at the cost of $750,000, "neither the city council nor the legislature is authorized, under the power of the constitution, to take away or limit the appellant's [seminary's] right to make any use of the property which was lawful at the time it acquired

it, except in such ways as may be necessary for the public health, comfort, safety or welfare. * * * There seems to be no reasonable ground for apprehension that with a strict compliance with all the provisions of the zoning ordinance and the building ordinances of the city, the construction and maintenance of a theological seminary in the 'A' district would be a menace to the morals, health, comfort, safety or general welfare of the people of the city of Evanston." (*Western Theological Seminary* v. *City of Evanston, supra.*) It was also in that opinion held that the destruction of the right of the seminary to use its land for the erection of its buildings, including dormitories, when there was no appreciable danger to the public health, comfort, safety or welfare, was clearly an unreasonable and arbitrary exercise of power, which rendered the amended ordinance of 1925 void as to the seminary's property. As we have seen, the only change from the ordinance of 1925 is to permit the erection of school buildings, while dormitories are still excluded. It clearly appears from the reasoning of the opinion filed by this court in the former hearing of this cause that the portion of the ordinance of 1927 excluding dormitories is, for the reasons there set out, invalid as to appellee and its property.

The city sought to show on the hearing before the chancellor on the supplemental bill, that such a change of conditions in the city of Evanston had taken place as to present a materially different state of facts and circumstances. While the evidence shows a pronounced growth of the city, with attendant increase of traffic problems, that change is no more than is to be expected in any growing city, and does not present a change of circumstances sufficient to show that the provision of the ordinance of 1927 excluding dormitories from "A" residence district should apply to appellee and its property.

The opinion heretofore filed is controlling in this case, and the provision of the ordinance of 1927 excluding dor-

mitories of appellee from district "A" is an unreasonable and arbitrary exercise of power, and that portion of the ordinance is void as to appellee's property.

The circuit court therefore was right in granting the relief prayed in the supplemental bill, and the decree will be affirmed.

*Decree affirmed.*