(Nos. 24960, 24991.—

The Catholic Bishop of Chicago, Appellee, *vs.* Robert Kingery *et al.* Appellants.

*Opinion filed April 14, 1939.*

Francis X. Busch, Cassius M. Doty, and Charles R. Sprowl, for appellants Robert Kingery *et al.*; Tenney, Harding, Sherman & Rogers, (Henry F. Tenney, and William W. Miller, of counsel,) for other appellants.

Kirkland, Fleming, Green, Martin & Ellis, (Weymouth Kirkland, Walter C. Senne, John M. O'Connor, Jr., and Thomas F. Scully, of counsel,) for appellee.

Mr. Chief Justice Shaw delivered the opinion of the court:

The members of the zoning board of appeals and the superintendent of public works of the village of Winnetka,

appeal from an order of the circuit court of Cook county finding a certain zoning ordinance of Winnetka unreasonable, discriminatory, unconstitutional and void, as applied to designated property. Certain property owners, who were not parties to the cause when it was tried in the circuit court, join in this appeal pursuant to the applicable provisions of the Civil Practice act (Ill. Rev. Stat. 1937, chap. 110, secs. 74, 75, 76 and 81) and by order of this court.

On March 3, 1938, the appellee applied to the superintendent of public works of the village of Winnetka for a permit to construct a parochial school building and a chapel on the property in question. Upon denial of this application an appeal was taken to the board of zoning appeals of the village of Winnetka which affirmed the finding of the superintendent and, subsequently, appellee filed a petition for writ of *certiorari* in the circuit court of Cook county. The writ was ordered to issue and the zoning board made a return to the writ. Upon a hearing the circuit court reversed the order of the board of appeals and directed that a building permit issue for the construction of the school. The trial court has certified that the validity of a municipal ordinance is involved and that the public interest requires a direct appeal be taken to this court.

The village of Winnetka, an exclusive residential suburb eighteen miles northwest of Chicago, adopted a comprehensive zoning ordinance on January 17, 1922. The property which the Catholic Bishop of Chicago acquired on July 13, 1936, is located in an area designated by that ordinance as "A Residential." Sections 3 and 3A of the ordinance provide that no building shall be used or thereafter erected or altered within the "A Residential" districts unless otherwise provided by the ordinance except for the necessary use to which any one of the following places or establishments may be put: Single-family dwelling, church or temple, public school, library, farm or truck garden.

Under the police power, cities and villages have the right to adopt zoning ordinances which impose a reasonable restraint upon the use of private property. (*City of Aurora* v. *Burns,* 319 Ill. 84; *Reschke* v. *Village of Winnetka,* 363 id. 478; *People* v. *City of Rockford,* 363 id. 531; *Johnson* v. *Village of Villa Park,* 370 id. 272.) Such exercise of the police power is not unlimited but must bear a substantial relationship to the preservation of the public health, safety, morals or general welfare. (*Koss* v. *Saunders,* 349 Ill. 442; *Western Theological Seminary* v. *City of Evanston,* 325 id. 511.) If it is apparent that an ordinance restricts the property rights of individuals without having any direct substantial relationship to the promotion of the public health, safety, morals or welfare, then such an ordinance is invalid and cannot be sustained. *Forbes* v. *Hubbard,* 348 Ill. 166; *State Bank and Trust Co.* v. *Village of Wilmette,* 358 id. 311; *Johnson* v. *Village of Villa Park, supra.*

Examination of the ordinance before us reveals that it expressly permits a public school to be maintained in the "A Residential" section but prohibits the existence of a private or parochial school. The only question before us then is this: Does an ordinance which permits the maintenance of a public school but excludes the operation of a private school within the same area bear any substantial relation to the public health, safety, morals or welfare?

The Catholic Bishop of Chicago proposes to erect a parochial school and chapel upon the property in question. We fail to perceive to what degree a Catholic school of this type will be more detrimental or dangerous to the public health than a public school. It is not pointed out to us just how the pupils in attendance at the parochial school are any more likely to jeopardize the public safety than the public school pupils. Nor can we arbitrarily conclude that the prospective students of the new school will seriously undermine the general welfare. As a matter of fact such a school,

conducted in accordance with the educational requirements established by State educational authorities, is promotive of the general welfare.

In *Roman Catholic Archbishop* v. *Baker,* 140 Ore. 600, 15 Pac. (2d) 391, the court was called upon to determine the validity of a zoning ordinance of the city of Portland which gave to the zoning board the power to exclude a parochial school from a certain residential area. The court held the ordinance was unconstitutional and void, as being destructive of certain inherent rights of the property owner. *City of Miami Beach* v. *State,* 128 Fla. 750, 175 So. 537, was a case involving the validity of an ordinance which, in the first instance, allowed private schools in a residential area and was later amended to prohibit them. The court held the ordinance invalid because it was arbitrary and unreasonable and had no relation to the public safety, health, morals, comfort, and welfare. The court said: "It will be noted that the ordinance as amended specifically permits the conducting of public schools within the prescribed zone and prohibits the conducting of private schools of all sorts therein. The prohibited classification finds no foundation or basis in reason or experience that has been brought to our attention." The reasoning of these cases is applicable here.

The ordinance before us bears no substantial relationship to the promotion of the public health, safety, morals, or welfare. Such legislation amounts, in fact, to a capricious invasion of the property rights of the appellee, and as such can not be sustained. (*Johnson* v. *Village of Villa Park, supra.*) Failure to meet this one constitutional requirement invalidates the ordinance, and it, therefore, becomes unnecessary to consider the several arguments advanced by appellants to sustain its validity.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*