50 So.2d 267

**PHILLIPS et al. v. CITY OF HOMEWOOD.**
**6 Div. 127.**

Supreme Court of Alabama.
Jan. 11, 1951.

Rehearing Denied Feb. 15, 1951.

Morel Montgomery, of Birmingham, for appellants.

Irvine C. Porter, of Birmingham, for appellee.

182

FOSTER, Justice.

This is an appeal from an order of a judge denying a petition for a temporary injunction heard on notice. Section 1057, Title 7, Code.

The injunction sought is to prevent the enforcement against complainants of a city zoning ordinance. The original ordinance was No. 260. In residential districts, section 21.4 of the ordinance permitted the use of property for public or private schools. While in that status complainants acquired property in the district and set up a private school. The city then amended section 21.4 of the zoning ordinance so as to permit property in such district to be used for public schools, but not for private schools. This bill complained it was to that extent discriminatory and an arbitrary classification and sought an injunction against its enforcement against their maintenance of a private school.

■ The bill also made an attack on the sufficiency of the publication of the notice of the proposed amendment as required by sections 773 and 778, Title 37, Code. One of those statutes provides for publication at least fifteen days in advance of the passage of the ordinance, and the other provides for publication at least once a week for two consecutive weeks in advance of its passage. The clerk testified that it was duly advertised as required by law in the Shades Valley Sun, a newspaper published in the City of Homewood. The notice appearing in the record has a memorandum "Shades Valley Sun May 11 and 18". The ordinance was passed on May 22, 1950.

For the present, we will not undertake to develop that contention, for we think the ordinance is subject to the objection that as to complainants it is an arbitrary and discriminatory classification.

That interpretation of such a situation is well supported by authority. In the case of City of Miami Beach v. State ex rel. Lear, 128 Fla. 750, 175 So. 537, 539, a situation was dealt with which is similar in all material respects to the one involved on this appeal, wherein the court made the following observation: "The prohibiting classification finds no foundation or basis in reason or experience that has been brought to our attention." Again in the case of Catholic Bishop of Chicago v. Kingery, 371 Ill. 257, 20 N.E.2d 583, 585, a similar situation was also before the court, citing the case of City of Miami Beach v. State ex rel. Lear, supra, and adopting its reasoning and conclusion, and observing: "The ordinance before us bears no substantial relationship to the promotion of the public health, safety, morals, or welfare. Such legislation amounts in fact to a capricious invasion of the property rights of the appellee, and as such can not be sustained." The same theory was given effect in the case of Western Theological Seminary v. City of Evanston, 331 Ill. 257, 162 N.E. 863, also Women's Kansas City St. Andrews Society v. Kansas City, 8 Cir., 58 F.2d 593. No case or authority to the contrary has been cited to us and we have found none. As stated above, we agree with that interpretation of the situation.

■ The fact that complainant could obtain a judicial determination of the question by seeking a declaratory judgment does not in any respect reflect upon the right to have injunctive relief whether it be in connection with such a declaratory judgment or without seeking such a judgment. The principle is well established that a court of equity will enjoin the enforcement of an ordinance which unlawfully deprives complainant of her property rights or unlawfully interferes with her right to use the same. Davis v. City of Mobile, 245 Ala. 80, 16 So.2d 1; Walker v. City of Birmingham, 216 Ala. 206, 112 So. 823; City of Birmingham v. Leo A. Seltzer, Inc., 229

Ala. 675, 159 So. 203; Town of Cuba v. Mississippi Cotton Oil Co., 150 Ala. 259, 43 So. 706, 10 L.R.A.,N.S., 310; Bryan v. City of Birmingham, 154 Ala. 447, 45 So. 922; Board of Com'rs of City of Mobile v. Orr, 181 Ala. 308, 61 So. 920, 45 L.R.A., N.S., 575; Franklin Social Club v. Town of Phil Campbell, 204 Ala. 259, 85 So. 527; Alabama Alcoholic Beverage Control Board v. City of Birmingham, 253 Ala. 402, 44 So.2d 593.

■ Complainants also make an attack upon the amendment to section 21.4, supra, of the zoning ordinance that it is not of itself comprehensive in its nature, relying upon the case of Chapman v. City of Troy, 241 Ala. 637, 4 So.2d 1, and Gillette v. Tyson, 219 Ala. 511, 122 So. 830. See, also, Johnson v. City of Huntsville, 249 Ala. 36, 29 So.2d 342; Davis v. City of Mobile, supra; Alabama Alcoholic Beverage Control Board v. City of Birmingham, supra.

The answer to that contention is briefly stated, that those authorities have no application to an amendment to a comprehensive ordinance then in existence, the amendment simply becomes a part of the existing comprehensive ordinance and it is not necessary that the amendment itself should be comprehensive in its nature.

It results from the foregoing discussion that, in our opinion, the complainants were entitled to have a temporary injunction issued as prayed for. The order of the trial judge denying such a writ is reversed and an order is here made directing the issuance of a temporary writ of injunction, as prayed for, to continue in force until the further orders of the circuit court in equity, which has jurisdiction over this cause, but upon condition that the complainants will execute bond with a surety payable to the respondent and approved by the register of the circuit court in equity in the penal sum of $250, conditioned to pay all damages and costs which any person may sustain by the suing out of such injunction, if the same is dissolved. Section 1043, Title 7, Code.

The cause is remanded to the circuit court in equity for further proceedings.

Reversed, rendered and remanded.

BROWN, LAWSON and STAKELY, JJ., concur.