212 So.2d 693

**FLEETWOOD DEVELOPMENT CORP. et al.**

v.

**CITY OF VESTAVIA HILLS.**

6 Div. 468.

Supreme Court of Alabama.

June 27, 1968.

Jenkins, Cole, Callaway & Vance, and Smyer, White, Reid & Acker, Birmingham, for appellee.

Speir, Robertson & Jackson, Sirote, Permutt, Friend & Friedman, and Wm. A. Jenkins, Birmingham, for appellants.

SIMPSON, Justice.

The appellants herein filed a bill for declaratory judgment seeking to have the trial court decree that certain property within the police jurisdiction of the City of Vestavia Hills, but without the corporate limits of said city, had been validly zoned by the Planning and Zoning Commission of the city under the provisions of Title 37, § 772 et seq., and that the subsequent action of the City Council of the City of Vestavia Hills in refusing to rezone the property was without authority under the foregoing statutes.

To this bill the respondent-appellee filed a demurrer which was sustained. The bill was dismissed. The appeal is from the decree dismissing the bill.

Essentially, this case is concerned with the following:

The appellants own property which is located within one and one-half miles of the corporate limits of the City of Vestavia Hills, which was zoned R–2 (Residential). They applied to the Planning and Zoning Commission of the City of Vestavia Hills for a certain portion to be rezoned B–1 (Commercial—shopping center) and an additional parcel B–2 (Commercial—apartments). The original petition was presented to the Planning and Zoning Commission which voted five to one in favor of rezoning the property. The appellants then applied to the City Council for an ordinance rezoning the property consistent with the decision of the Planning and Zoning Commission. The City Council, after hearing, refused to rezone. The bill for declaratory judgment was then filed by appellants.

The gravamen of the bill is the contention that Title 37, § 797 vests in the Planning and Zoning Commission exclusive and final zoning authority over all land lying within five miles of a corporate municipality, and not located within any other municipality. It is the contention of the appellants that this section makes the decision of the Planning and Zoning Commission final and leaves no room for action on the part of the City Council. To this contention we first address ourselves.

Title 37, § 786 et seq., deals with the authorization of a municipality to create by ordinance a planning commission with powers and duties set forth in these sections. Section 793 requires that "the adoption of the plan or of any such part or amendment or extension or addition, shall be by resolution of the commission carried by the affirmative votes of not less than six members of the commission." In the instant case the commission's vote to rezone in accordance with appellants' request carried by a vote of five to one. Appellants admit that this 6 vote requirement of the statute was not complied with, but contends that the statute contravenes the constitution in this regard. In view of the position which we take in disposing of this case, it is unnecessary to consider this argument.

The appellants' contention that the foregoing statutes preclude any action by the City Council after the Planning Commission has acted is refuted by a careful analysis of the authorities dealing with legislative delegation of authority to municipalities and the exercise thereof. The legislature of Alabama has delegated legislative authority to the municipalities of the state to pass general zoning ordinances, and to establish planning and zoning commissions. Title 37, §§ 772–797, Code of Alabama, 1940, recompiled 1958; Vol. 14, § 970, and Vol. 14–A, § 1053(6), Code. The city in the exercise of its police power may

enter into a comprehensive zoning scheme, the wisdom of which in large measure rests in the wise discretion of the city authorities. Here, the City of Vestavia Hills in exercising this authority, has created a planning and zoning commission. The fact that it has done so does not indicate that the legislature intended that all legislative functions with regard to zoning are now vested in such body. As noted in 58 A.L.R.2d 1086:

"While it is clear that certain functions in the execution of zoning plans can and must be entrusted to administrative boards or officers, it is equally clear that the power to zone, as such, involves legislative functions which cannot be so delegated under constitutional principles of separation of governmental powers."

■ To concur in the contention of appellants that the city has no authority or jurisdiction in a zoning matter once the zoning and planning board has acted would necessarily be to hold that the exercise of the legislative power delegated by the state to the city is now vested in such board. We do not read the statutes involved to indicate an intention on the part of the legislature to violate the above principle of separation of powers. On the contrary, a careful reading of the statutes and the cases construing them will indicate the contrary.

In Ball v. Jones, 272 Ala. 305, 132 So.2d 120 (1961) we said:

"Municipal corporations were granted the power and authority to enact comprehensive zoning ordinances under Code 1940, Title 37, §§ 772–773. * * * Municipal authorities act in a legislative capacity in the enactment of zoning ordinances. * * * The amendment to a comprehensive zoning ordinance or a *rezoning* of a certain area, as was done in the instant case, becomes a part of the existing comprehensive ordinance, and, a fortiorari, a *legislative* act." (Emphasis added.)

See also Marshall v. City of Mobile, 250 Ala. 646, 35 So.2d 553; Phillips v. City of Homewood, 255 Ala. 180, 50 So.2d 267. It necessarily follows that this is a function of the city governing body and not the planning and zoning commission. In fact in this connection we notice that the appellants themselves after obtaining a decision from the planning board in favor of the rezoning they sought, then asked the city council to approve such rezoning, obviously at that time concluding that an amendment to the plan then existing must, to be final, be made by the city authorities and not the planning commission.

The appellants next argue that the action taken by the city council in failing to approve the rezoning of its property was arbitrary and hence void. While we do not understand that this question is properly before us in this declaratory judgment proceeding, we do note that we have repeatedly held that in zoning matters municipalities act in a legislative capacity, and "their superior opportunity to know and consider the varied and conflicting interests involved, to balance the burdens and the benefits, to lay out zoning districts with a view to the general welfare of the city, render the courts slow to set up their own opinions as against those charged with and in position to rightly perform such duty. Before the courts will interfere, it must be made to appear that such an ordinance passes the bounds of reason and assumes the character of a merely arbitrary fiat." Marshall v. City of Mobile, supra, 250 Ala. at page 649, 35 So.2d at page 555.

■ On the record before us, which consists only of the pleadings, we cannot conclude that the city has so acted here.

Affirmed.

LIVINGSTON, C. J., and KOHN, J., concur.

COLEMAN, J., concurs in result.