PARKER, Justice.
Anne Bates Gibbons appeals the Shelby Circuit Court’s summary judgment in favor of the Town of Vincent (“the Town”), the planning commission of the Town of Vincent (“the planning commission”),[1] and White Rock Quarries, LLC (“White Rock”) (hereinafter collectively referred to as “the appellees”). We affirm.

Facts and Procedural History

White Rock owns 888 acres of undeveloped land situated within the corporate limits of the Town (“the land”) and 86 acres of undeveloped land adjacent to the 888 acres and originally situated in an unincorporated area in Shelby County, outside the Town’s corporate limits; the 86 acres has been annexed by the Town and is now within its corporate limits. Gibbons’s complaint challenged the Town’s rezoning of the land based on a rezoning application submitted by White Rock and its annexation of the 86 acres. White Rock sought the rezoning and annexation so that it could construct and operate a rock quarry on the property. Relevant to Gibbons’s claims is an amendment to the Town’s zoning code adopted in 2009 pursuant to which the land was rezoned (“the 2009 amendment”) and the process by which the Town adopted the 2009 amendment. Specifically, Gibbons alleges that the Town did not satisfy the notice requirements of the statutes that give municipal corporations in Alabama the power to enact zoning ordinances and that set out the requirements for enacting such ordinances, § 11-52-70 et seq., Ala.Code 1975 (“the zoning statutes”), in adopting the 2009 amendment.
*725 Joy Marler, the Town’s clerk, testified by affidavit that on May 15, 2009, she posted notice of a public hearing to be held by the planning commission on June 9, 2009;[2] the purpose of the June 9, 2009, public hearing was to hear public comments on and consider updating the Town’s zoning code. A copy of the 2009 amendment was made available to the public at the June 9, 2009, public hearing.
Marler testified that on June 24, 2009, she posted notice of another public hearing to be held by the planning commission on July 14, 2009; the purpose of the July 14, 2009, public hearing was to hear public comments on and to consider updating the Town’s zoning code. A copy of the 2009 amendment was made available to the public at the July 14, 2009, public hearing.
Marler testified that on August 11, 2009, she posted notice of a public hearing to be held by the Town’s council (“the council”)[3] on September 1, 2009; the purpose of the September 1, 2009, public hearing was to hear public comments on and to consider the adoption of the 2009 amendment. A copy of the 2009 amendment was made available to the public at the September 1, 2009, public hearing.
Marler testified that on September 9, 2009, she posted notice of the council’s regular meeting to occur on September 22, 2009; on the agenda for the council’s regular meeting, among other things, was “updating the present zoning ordinance.” Marler testified that at its regular meeting on September 22, 2009, the council adopted the 2009 amendment. Marler also testified that on September 23, 2009, she posted the Town’s zoning code, which included the changes made by the council’s passage of the 2009 amendment.
On October 21, 2009, White Rock filed an application with the Town requesting that the Town rezone the land from “agricultural district” and “rural residential” to “special district” pursuant to § 5.14 of the Town’s zoning code and allow White Rock to construct and operate a rock quarry on the land (“the rezoning application”). Section 5.14.5 of the Town’s zoning code was added by the 2009 amendment. In response to a request by the Town, White Rock amended its rezoning application on November 3, 2009, with a survey of the land, as well as the 86 acres in the unincorporated area of Shelby County.
The Town does not employ land planners to assist with zoning applications. Instead, land planners at the Shelby County Department of Development Services advise and assist the Town with land-planning issues pursuant to a contractual agreement. Kristine Goddard, a land planner with the Shelby County Department of Development Services, assisted the planning commission and the council with processing and reviewing the rezoning application.[4]
*726 Marler testified that on January 12, 2010, she posted notice of a hearing to be held by the planning commission on January 26, 2010; the purpose of the January 26, 2010, public hearing was to receive public comment on the rezoning application. The planning commission held the January 26, 2010, public hearing, and following that public hearing, the planning commission held two “work sessions” on February 1, 2010, and March 4, 2010. The purpose of the work sessions was to “discuss (i) the [rezoning application], (ii) the draft recommendations and report from Ms. Kristine Goddard on behalf of the Shelby County Department of Development Services and the Planning Commission, and (iii) comments received at the January 26, 2010, public hearing.”
On February 16, 2010, the council held a regularly scheduled meeting, which members of the planning commission and the Zoning Board of Adjustment for the Town (“the ZBA”) attended. Discussed at the meeting was the potential impact of the rezoning application on property adjacent to the land, which is owned by EBSCO Industries.
On February 26, 2010, Gibbons, as a property owner and resident of the Town, filed a complaint against the Town and the planning commission. Gibbons sought a writ of mandamus directing the Town and the planning commission “to cease considering the [rezoning] Application under the provisions of Section 5.14.5 of the [Town’s zoning eode],[5] and instead begin its review of the [rezoning] Application anew in conformity with the provisions of Section 5.5 of the [Town’s zoning code].[6]” In her complaint, Gibbons also sought a judgment declaring § 5.14.5 of the zoning code void *727 ab initio; specifically, Gibbons alleged that the Town did not meet the notice requirements of § 11-52-77, Ala.Code 1975, before adopting the 2009 amendment. In the alternative, assuming that the 2009 amendment was validly adopted, Gibbons sought a declaration that White Rock’s proposed use of the land is covered under § 5.5, not § 5.14.5, of the Town’s zoning code.
On March 23, 2010, the planning commission held a specially called meeting to vote on the rezoning application. The planning commission unanimously agreed to recommend that the council “approve [the rezoning application] as modified, amend the [Town’s] Comprehensive Plan and adopt an ordinance rezoning the [land] to Special Use District.”
On April 6, 2010, White Rock petitioned the Town to annex the 86 acres situated outside the Town’s corporate limits (“the annexation petition”). On April 14, 2010, White Rock filed a motion to intervene in Gibbons’s action against the Town and the planning commission. The circuit court granted White Rock’s motion on June 9, 2010.
On May 28, 2010, White Rock presented to the council proposed ordinances granting the rezoning application and the annexation petition (“the White Rock ordinances”). On June 1, 2010, the council held a public work session to discuss the White Rock ordinances. Following the work session, a regularly scheduled council meeting was held, during which the White Rock ordinances were introduced and read before the council for the first time. The parties do not indicate whether notice for this meeting was posted.
On June 2, 2010, Marler posted notice of a public hearing to be held on June 17, 2010, by the council; the purpose of the public hearing was to hear public comments on the White Rock ordinances. The June 17, 2010, public hearing was held.
On July 7, 2010, Marler posted notice of a special session of the council to be held on July 15, 2010; the purpose of the special session was to read and discuss the White Rock ordinances and to vote on their adoption. At the July 15, 2010, special session, the council considered and voted on the White Rock ordinances, passing them.
On September 21, 2010, the circuit court held a status conference at which, the parties agree, the circuit court orally bifurcated the case into procedural due-process and substantive due-process issues. The parties also agree that the circuit court ordered the parties to file summary-judgment motions concerning the procedural due-process issues.
On October 11, 2010, Gibbons amended her complaint, alleging that the Town’s passage of the White Rock ordinances violated her procedural and substantive due-process rights; Gibbons also contested the Town’s passage of the 2009 amendment. Specifically, Gibbons alleged in her amended complaint that “the Planning Commission’s actions pursuant to Article 11 [of the Town’s zoning code, as amended by the 2009 amendment,] are violative of the relevant substantive and procedural due process standards and constitute actions beyond the Planning Commission’s statutorily created power.”
On May 24, 2011, the Town and the planning commission filed a motion for a summary judgment. On the same day, White Rock also filed a motion for a summary judgment. In their summary-judgment motions, the appellees argued, among other things, that the Town’s zoning code complies with Alabama law. Specifically, the appellees argued:
“Alabama law vests the Planning Commission with the power to recommend *728 zoning changes, the Town Council with the power to enact zoning ordinances, and the [ZBA] only with the power to grant special exceptions to existing zoning. Ms. Gibbons’s claim that the [ZBA] has jurisdiction in this case is incorrect for this reason. The governmental power used in this case was the power to rezone. Alabama law allows the Planning Commission to recommend and requires the Town Council to legislatively create the Special District for the Property. Alabama law does not allow a board of adjustment to rezone property.”
In her response to the appellees’ summary-judgment motions, Gibbons argued that Article 11 of the Town’s zoning code violated the zoning statutes in that Article 11 “improperly bestows the power to rezone property solely upon the Planning Commission, a framework that is clearly in contravention to Alabama law.” On May 25, 2011, Gibbons filed a motion for a summary judgment. The circuit court held a hearing on the summary-judgment motions on August 4, 2011.
On November 3, 2011, the circuit court granted the appellees’ summary-judgment motions, as follows:
“With the consent of the parties, this court undertook to consider cross-motions for summary judgment solely addressing all procedural issues raised by Plaintiff Anne Gibbons. Having considered the Joint Stipulation of the Parties, the parties’ motions for summary judgment and the supplemental materials, this court hereby denies Plaintiffs motion for summary judgment. With respect to Defendants’ motions the court finds that there is no genuine issue of material fact and that Defendants are entitled to judgment as a matter of law.
“Accordingly, the court hereby grants the motions for summary judgment filed by the Town of Vincent and White Rock Quarries, LLC,[7] on all grounds asserted in those motions except for the substantive due process grounds set forth in ... the Town’s motion for summary judgment and ... White Rock’s motion for summary judgment. In so ruling, this court dismisses claims asserted by the plaintiff in: (a) Counts One, Two, Three and Five of the Complaint and the Amended Complaint; and (b) only those procedural claims in Count Four.
“The court expressly determines that there is no just reason for delay and the Clerk is directed to enter final judgment pursuant to Rule 54(b), Ala. R. Civ. P.
“Unadjudicated at this point, and remaining for trial, are the substantive due process claims as alleged in Count Four of the Amended Complaint which are set forth in paragraphs 39 through 43 and 47.”
Also on November 3, 2011, Gibbons filed a motion to dismiss her substantive due-process claims without prejudice. On December 14, 2011, the circuit court granted Gibbons’s motion to dismiss, thereby adjudicating all of Gibbons’s claims. Gibbons appealed.

Standard of Review

We set forth the standard of review applicable to our review of a summary judgment in Martin v. Cash Express, Inc., 60 So.3d 236, 244 (Ala.2010), as follows:
“ ‘In reviewing a summary judgment, an appellate court looks at the same factors that the trial court considered in ruling on the motion.... [0]n appeal a summary judgment carries no presump *729 tion of correctness.’ Hornsby v. Sessions, 703 So.2d 932, 938 (Ala.1997).
“ ‘In reviewing the disposition of a motion for summary judgment, we utilize the same standard as that of the trial court in determining whether the evidence before the court made out a genuine issue- of material fact and whether the movant was entitled to a judgment as a matter of law. When the movant makes a prima facie showing that there is no genuine issue of material fact, the burden then shifts to the nonmovant to present substantial evidence creating such an issue. Evidence is “substantial” if it is of “such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” ’
“Ex parte General Motors Corp., 769 So.2d 903, 906 (Ala.1999) (citations omitted).
“ ‘Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant.’ Hobson v. American Cast Iron Pipe Co., 690 So.2d 341, 344 (Ala.1997).”

Discussion

First, Gibbons argues that the Town failed to comply with the notice requirement set forth in § 11-52-77(1), Ala. Code 1975, thereby rendering the 2009 amendment void. Section 11-52-77 provides, in pertinent part:
“No ordinance shall be passed by any municipal corporation under the authority of this article unless and until the municipal governing body has complied with the procedures set forth in ... subdivision (1) ... of this section.
“(1) Prior to adoption, the proposed ordinance shall be published in full for one insertion and an additional insertion of a synopsis of the proposed ordinance, one week after the first insertion, which synopsis shall refer to the date and name of the newspaper in which the proposed ordinance was first published; both such insertions shall be at least 15 days in advance of its passage and in a newspaper of general circulation published within the municipality, or, if there is no such newspaper, then by posting the proposed ordinance in four conspicuous places within the municipality, together with a notice stating the time and place that the ordinance is to be considered by the municipal legislative authorities and stating further that at such time and place all persons who desire shall have an opportunity of being heard in opposition to or in favor of such ordinance.”
Gibbons argues that the Town failed to comply with the requirement of § 11-52-77(1) that notice of the 2009 amendment be posted at least 15 days in advance of its passage.[8] Specifically, Gibbons argues that the Town’s September 9, 2009, notice of the regular meeting of the council at which the 2009 amendment was to be considered was posted only 13 days in advance of the council’s passage of the 2009 amendment on September 22, 2009.
The appellees argue that, although the September 9, 2009, notice was posted only *730 13 days before the council’s adoption of the 2009 amendment at its regular meeting on September 22, 2009, notice of the 2009 amendment was initially posted on August 11, 2009. The August 11, 2009, notice indicated that the council would discuss the 2009 amendment at a public hearing to be held on September 1, 2009, and that public comment would be heard at that public hearing concerning the 2009 amendment. The appellees argue that the August 11, 2009, notice, which was posted 43 days before the council adopted the 2009 amendment on September 22, 2009, was sufficient to satisfy the requirement in § 11-52-77(1) that notice of the proposed ordinance be posted at least 15 days before passage of a zoning ordinance. We agree.
Gibbons’s argument ignores the fact that the Town posted notice on August 11, 2009, indicating that the council, the Town’s legislative body, would hold a public hearing on the 2009 amendment on September 1, 2009. Nothing in § 11-52-77(1) requires the Town to post a 15-day notice of every meeting held concerning the 2009 amendment. Instead, § 11-52-77(1) requires that notice of the 2009 amendment be posted at least 15 days before the adoption of the 2009 amendment, which the Town accomplished by posting notice of the 2009 amendment on August 11, 2009, 43 days before its adoption by the council at its regular meeting on September 22, 2009. Therefore, the Town complied with the notice requirement of § 11-52-77, and we affirm the circuit court’s judgment insofar as it held that the Town’s adoption of the 2009 amendment complied with the notice requirements in the zoning statutes.
Gibbons also argues that the Town’s passage of the ordinance annexing the 86 acres into the Town’s corporate limits violated the notice requirements of § 11-52-77. Gibbons argues that the Town’s zoning code, as amended by the 2009 amendment, “providefs] that when a property is annexed into the Town it is, by ordinance, rezoned to A-l, one of the Town’s statutorily created zoning classifications .... Thus, the Annexation Ordinance, if valid, effected a rezoning and therefore must comply with the fifteen (15) day notice requirement in section 11-52-77.” Gibbons’s brief, at pp. 36-37. We disagree.
Gibbons’s argument is based upon a faulty premise. Article IV, § 4, of the Town’s zoning code provides that, “[u]n-less initially classified, any property hereafter annexed to the town shall be classified A-l Agricultural District.” (Emphasis added.) The zoning ordinance annexing the 86 acres into the Town’s corporate limits specifically provides “that upon annexation, the [86 acres] will without further action be zoned and become a part of the Special District — Other Uses (Industrial) zoning district and be subject to all provisions of [the rezoning ordinance].” The 86 acres was not rezoned but, pursuant to the Town’s zoning code, was annexed into the Town’s corporate limits as a part of the special district. Therefore, Gibbons’s argument that the 86 acres was rezoned and thus subject to the notice requirements of § 11-52-77 fails.
Next, Gibbons argues that “the rezoning procedures set forth in the [Town’s] 2009 zoning code violate Alabama law.” Gibbons’s brief, at p. 24. Specifically, Gibbons argues that Article 11 of the Town’s zoning code contravenes the zoning statutes in that Article 11 of the Town’s zoning code grants the planning commission, which is not the Town’s legislative body, the authority to rezone property. Section 11.1 of Article 11 provides:
“Section 11.1 Requirements for change.
*731 “Whenever the public necessity, convenience, general welfare, or good zoning practice warrants such action, the Planning Commission may amend, supplement, modify, or repeal the regulations or zoning district boundaries herein established.”
Gibbons argues that the Town’s zoning code violates the zoning statutes because, under the zoning statutes, a municipality’s legislative body has the sole authority to rezone property and a planning commission may act only in an advisory capacity. As a result, Gibbons argues, the Town has failed to enact a zoning code allowing it to rezone property.
The Town argues that, regardless of § 11.1, § 5.14.5 complies with the zoning statutes by enabling the council, the Town’s legislative body, to rezone property. The Town argues that § 5.14.5, which states in pertinent part that “[t]he location [of a special district] shall be recommended by the Planning Commission and approved by the Town Council,” properly authorizes the council to rezone property. Gibbons argues in response that § 5.14.5 does not vest the council with the authority to rezone property. We agree with the Town.
In Ball v. Jones, 272 Ala. 305, 309-10, 132 So.2d 120, 123 (1961), this Court held:
“A city or municipal corporation does not have the inherent power to enact and enforce zoning regulations. White v. Luquire Funeral Home, 221 Ala. 440, 129 So. 84 [ (1930) ]; Leary v. Adams, 226 Ala. 472, 147 So. 391 [ (1933) ]; Alabama Alcoholic Beverage Control Board v. City of Birmingham, 253 Ala. 402, 44 So.2d 593 [ (1950) ]. Municipal corporations were granted the power and authority to enact comprehensive zoning ordinances under Code 1940, Tit. 37, §§ 772-773.[9] This court in Marshall v. City of Mobile, 250 Ala. 646, 35 So.2d 553 [ (1948) ], recognized the well-known rule that municipal authorities act in a legislative capacity in the enactment of zoning ordinances. Also, the amendment to a comprehensive zoning ordinance or a rezoning of a certain area ... becomes a part of the existing comprehensive ordinance and, a fortiori, is a legislative act. Phillips v. City of Homewood, 255 Ala. 180, 50 So.2d 267 [ (1951) ].”
Further, in Ferraro v. Board of Zoning Adjustment of Birmingham, 970 So.2d 299, 303 (Ala.Civ.App.2007), the Alabama Court of Civil Appeals held:
“In Alabama, like many other states, cities[ ] and other municipal corporations do not have the inherent power to enact and enforce zoning regulations. Swann v. Board of Zoning Adjustment of Jefferson County, 459 So.2d 896, 898 (Ala.Civ.App.1984). Municipal corporations in Alabama do have the power to enact comprehensive zoning ordinances under enabling acts passed by our legislature, but any ‘zoning ordinances which are enacted under this delegated legislative authority must be enacted pursuant to, and in substantial conformity with, the enabling act.’ Id. (citing Lynnwood Prop. Owners v. Lands Described in Complaint, 359 So.2d 357 (Ala.1978)).”
Section 11-52-70, Ala.Code 1975, allows a municipality to adopt “such ordinances as necessary to carry into effect and make effective the provisions of this article,” thereby vesting the municipality with the legislative authority to zone land within its corporate boundaries. Further, § 11-52-71, Ala.Code 1975, allows only the “local legislative body” to “divide the municipality into districts .... ” In order for a mu *732 nicipality to invoke the authority granted it by the legislature, the municipality’s legislative body must pass a valid zoning ordinance effecting provisions of the zoning statutes, thereby enabling the municipality’s legislative body to rezone property.
Consistent with our precedent, the parties agree that a planning commission can act only as an advisory body. In Peebles v. Mooresville Town Council, 985 So.2d 388 (Ala.2007), this Court held that, pursuant to the zoning statutes, a planning commission is an advisory body and cannot be vested with the power to rezone property:
“Under § 11-52-76, Ala.Code 1975, the zoning power delegated to every municipality ultimately rests with the legislative body of that municipality, i.e., the city or town council — not the zoning commission or the municipal planning commission. See § 11-52-76, Ala.Code 1975 (‘The legislative body of such municipality shall provide for the manner in which such [zoning] regulations and restrictions and the boundaries of such districts shall be determined, established and enforced and from time to time amended, supplemented or changed and may adopt such ordinances as may be necessary to carry into effect and make effective the provisions of this article.’). A municipality is required to organize neither a zoning commission nor a municipal planning commission before enacting a comprehensive zoning ordinance. Both such commissions are optional and, even if created, are strictly advisory. See, e.g., Rose v. City of Andalusia, 249 Ala. 333, 335, 31 So.2d 66, 66 (1947) (‘It is not mandatory that a zoning commission be appointed, although such a commission may be designated. ...’); and City of Mobile v. Karagan, 476 So.2d 60, 62-63 (Ala.1985) (‘[T]he City [of Mobile], within the context of the zoning ordinance and within the limits imposed by the Code, has the ultimate authority to rezone, and the Planning Commission, in consideration of a rezoning amendment, is an advisory body only. The Planning Commission can recommend to the City what it thinks should be done, but it cannot pass finally on an application to rezone. The City is not bound by a recommendation of the Planning Commission.’).”
Peebles, 985 So.2d at 397. Further, in Fleetwood Development Corp. v. City of Vestavia Hills, 282 Ala. 439, 442, 212 So.2d 693, 694 (1968), this Court stated:
“As noted in 58 A.L.R.2d 1086:
“ ‘While it is clear that certain functions in the execution of zoning plans can and must be entrusted to administrative boards or officers, it is equally clear that the power to zone, as such, involves legislative functions which cannot be so delegated under constitutional principles of separation of governmental powers.’ ”
See also W.E. Shipley, Attack on Validity of Zoning Statute, Ordinance, or Regulation on Ground of Improper Delegation of Authority to Board or Officer, 58 A.L.R.2d 1083, 1089 (“It has frequently been held that the legislative body may not delegate to administrative officials the power to establish zones or zone boundaries, since this power is of the essence of the legislative function.”).
Consistent with the zoning statutes, the Town enacted § 5.14.5 enabling the council, the Town’s legislative body, to rezone property within the Town’s municipal limits as a special district. Section 5.14.5 properly recognizes the planning commission as an advisory body by limiting its function to recommending the location of the proposed special district. Under § 5.14.5, the council, after receiving a recommendation from the planning commis *733 sion, may then rezone the at-issue property to a special district by approving the planning commission’s recommendation, which is what occurred in this case. Pursuant to § 5.14.5, the planning commission recommended that the property be rezoned as a special district and the council approved the planning commission’s recommendation, thereby rezoning the property. The Town complied with the zoning statutes by adopting § 5.14.5, which enables the council to rezone property as a special district.
Based on our holding that the Town’s enactment of § 5.14.5 properly authorized the council to rezone property as a special district and that the Town’s rezoning of the land, as well as the adjacent 86 acres annexed by the Town, as a special district was proper under § 5.14.5, we need not determine whether the remainder of the Town’s zoning code complies with the zoning statutes.
Lastly, Gibbons argues that “the Town’s purported rezoning of the 86 acres was void ab initio.” Gibbons’s brief, at p. 34. Gibbons argues that the Town failed to comply with § 11-52-85, Ala.Code 1975, which authorizes a municipality to pre-zone property that is in the process of being annexed into that municipality’s corporate limits. Specifically, Gibbons argues that the Town did not comply with § 11-52-85(d), which provides:
“(d) Nothing contained in this section shall allow a municipality to zone territory outside the corporate limits of the municipality that is not in the process of being annexed into the corporate limits of a municipality as provided by law.”
White Rock filed the rezoning application, which included a request to rezone the adjacent 86 acres, on October 21, 2009. On March 23, 2010, the planning commission unanimously agreed to recommend that the council approve the rezoning application. On April 6, 2010, White Rock filed the annexation petition to annex the adjacent 86 acres into the Town’s corporate limits. Gibbons argues that because the planning commission agreed to recommend that the council approve the rezoning application before White Rock filed the annexation petition, the annexation process relating to the adjacent 86 acres had not yet begun and, thus, the Town failed to comply with § ll-52-85(d).
We disagree. The process of annexing the 86 acres into the Town’s corporate limits began when White Rock filed the annexation petition on April 6, 2010. Although White Rock filed its rezoning application before the annexation process began, the Town did not pre-zone the 86 acres until it passed the White Rock ordinances on July 15, 2010, which was after the annexation process began on April 6, 2010. Therefore, we hold that the Town complied with § 11-52-85 by pre-zoning the 86 acres after the annexation process began.

Conclusion

Based on the foregoing, we affirm the circuit court’s judgment.
AFFIRMED.
MALONE, C.J., and WOODALL, STUART, BOLIN, SHAW, MAIN, and WISE, JJ., concur.
MURDOCK, J., concurs in the result.

. At all times relevant to this appeal, the members of the planning commission were Mary Lee Reynolds, Don Driggers, Ernest Kidd, Evelyn Finn, Jim Hairston, and Marsh Acker; Robert Malone was appointed to the planning commission in June 2010.

. Gibbons has not challenged the content of any of the notices posted by the Town, only the timeliness of the notices. Therefore, we are not including any facts concerning the content of the notices or where the notices were posted.

. The council is composed of five members who are elected by district; at the time of the adoption of the 2009 amendment, those members were Johnny Edwards, Ralph B. Kimble, Jr., Larry King, Bridgette Jordan Smith, and Mary Lee Reynolds. The mayor of the Town is also a member of the council, which is the Town's municipal legislative authority.

.The Town and the planning commission allege in their brief on appeal that the Town has a validly created "Zoning Board of Adjustment that can hear appeals, grant variances to the zoning code, and allow special exceptions to the zoning code.” The Town and the planning commission’s brief, at p. 6. The Town and the planning commission cite the parties’ joint stipulation of facts in support of this assertion. Although the valid creation of *726 the Town’s Zoning Board of Adjustment ("the ZBA’’) was disputed by Gibbons in the parties’ joint stipulation of facts, in her brief on appeal Gibbons does not dispute the validity of the ZBA, but appears to concede that it was validly created. See Gibbons's brief, at pp. 10, 30-32.

. Section 5.14.5 of the Town's zoning code provides:
“5.14.5 Other Uses
"Uses not covered in other sections. Special Districts for uses not covered elsewhere in this ordinance and which are generally of a nature so as to be incompatible with most permitted uses may be allowed in any district except the ‘R’ district. The location shall be recommended by the Planning Commission and approved by the Town Council. In addition, a complete development plan and any other information pertinent to the development or use shall be included at the discretion of the Planning Commission. Such uses may include but are not limited to the following:
”1) Airport or landing field
”2) Mausoleum
”3) Commercial, recreational or amusement development for temporary or seasonable periods.
”4) Sanitary landfill operation
"5) Practice golf driving range, par three golf course or miniature golf course.”

. Section 5.5 of the Town's zoning code, entitled "Unclassified Uses,” provides:
"In the event the Town of Vincent receives an application for permitting of a use that is not listed or that cannot appropriately fit in a district listed [in Section 5.1 of the Town’s zoning ordinance], the following procedure shall apply:
"If compatible with the existing use district intent, the unclassified use may be permitted as a special exception by the Board of Adjustment pursuant to Article 14.
"If the unclassified use would not be compatible with the intent of the existing use district, the Planning Commission shall make a determination of the most appropriate use district and require the applicant have the property rezoned, and special exception granted by the Board of Adjustment pursuant to Article 14 before granting approval.
“Following final action of the unclassified use per above paragraphs, the Planning Commission may initiate an amendment to this ordinance to list the newly permitted use in the most appropriate district(s).”

. The circuit court later amended its November 3, 2011, final judgment to include the planning commission, whose omission was the result of a clerical error.

. As mentioned previously, Gibbons did not challenge below and does not challenge on appeal the form of or the manner in which notice of the Town’s consideration of the 2009 amendment was posted. We assume there is no “newspaper of general circulation” published within the Town and that, therefore, publication by posting is all that was required.

. Alabama Code 1940, Tit. 37, § 772 et seq., ís the predecessor to the zoning statutes.